22987

In the Matter of Laurence Harmon NIDA, Respondent.

(377 S. E. (2d) 580)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. James G. Bogle, Jr.,* and *Samuel L. Wilkins,* Columbia, *for complainant.*

*Laurence Harmon Nida,* Myrtle Beach, *pro se.*

Heard Jan. 10, 1989.

Decided March 13, 1989.

*Per Curiam:*

In this attorney disciplinary matter the respondent, Laurence Harmon Nida, was found to have violated S. C. Sup. Ct. R. 32, DR 9-102(B)(3) and (4). The Hearing Panel recommended a private reprimand. The Executive Committee unanimously adopted the Hearing Panel's findings of fact and conclusions of law, but recommended a public repri-

mand. After a careful review of the record, we conclude that the appropriate sanction is a public reprimand.

The respondent represented Mr. and Mrs. James Hardin in matters relating to their business, "Leisure Creations," which he incorporated in June 1984. At the time of incorporation, Leisure Creations was experiencing financial difficulties and the Hardins were personally liable for most of the business' debts. Respondent met with Mr. Hardin and the Hardins' accountant to discuss proposals for resolution of these financial problems. Rather than file for bankruptcy, the Hardins decided to seek compromise settlements with creditors and work toward dissolution of the business. Liquidation began in October 1984, and respondent opened a trust account on which he wrote and signed checks for settlements, costs and fees for his services.

Between January and March 1985, the Hardins asked respondent to inform them of their liquidation account balance and for an accounting. Respondent forwarded a copy of check stubs showing checks written and the names of payees. The Hardins expressed dissatisfaction and requested a complete accounting. Respondent then sent a list of checks he had written, indicating the checks which had been refused and returned by creditors.

In November 1985, Mr. Hardin again requested an account balance and an accounting. Respondent informed the Hardins of the account balance and told them he could not finalize the account because one check was still outstanding. From December 1985 until the Hardins contacted the respondent in February 1987, the respondent did not render an accounting or otherwise inform the Hardins of the status of the trust account.

When Mrs. Hardin met with the respondent in February 1987 to pick up files and monies due Leisure Creations, the respondent presented several bills for attorney fees[1] and gave Mrs. Hardin a check drawn on the trust account for

---

[1] The respondent waited until the Hardins contacted him in February 1987 before he presented his bills for services rendered in 1984 and 1985. Further, the respondent constructed these bills by reviewing his files; he did not maintain a complete record of time spent on the liquidation of Leisure Creations. We do not condone such billing practices.

approximately $160.00, which did not constitute the balance of funds remaining in the account.

The South Carolina Supreme Court Rules provide, in relevant part, that a lawyer shall:

(3) Maintain complete records of all funds, ... of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, ... in the possession of the lawyer which the client is entitled to receive.

S. C. Sup. Ct. R. 32, DR 9-102(B)(3) and (4). In testimony before the Hearing Panel, respondent admitted that he failed to render a proper and complete accounting and that he had not paid or delivered funds as requested by the Hardins which they were entitled to receive. Although there is no evidence that respondent misappropriated any funds, we hold that his actions constitute misconduct, in violation of S. C. Sup. Ct. R. 32, DR 9-102(B)(3) and (4). We find that the appropriate sanction is a public reprimand pursuant to Disciplinary Procedure Rule 7(A)(4).

Accordingly, respondent stands publicly reprimanded for his actions. Further, it is ordered that within ten days from service of this order, respondent shall deliver to the Hardins the balance of any trust funds remaining in their account.

Public reprimand.