23011

In the Matter of Stanley Bruce PALMER, Respondent.
(380 S. E. (2d) 813)

Supreme Court

---

[6] 292 S. C. 235, 355 S. E. (2d) 864 (Ct. App. 1987).

T. Travis Medlock, Atty. Gen., and James G. Bogle, Jr., and J. Emory Smith, Jr., Asst. Attys. Gen., Columbia, for complainant.

Stanley Bruce Palmer, Savannah, Ga., pro se.

Heard March 7, 1989.

Decided May 15, 1989.

Per Curiam:

This is a disciplinary matter charging Respondent with a number of infractions arising out of his representation of a group of citizens known as "Concerned Citizens of Jasper County" ("Citizens").

In April of 1986, Citizens retained Respondent to represent them in an attempt to stop plans of the Jasper County School District ("District") to consolidate two area high schools. Respondent met with Citizens, visited the schools and filed pleadings challenging the District's plan. The pleadings consisted of a "Rule to Show Cause and Order," and a "Complaint" entitled "Petition for Temporary Injunction." Respondent failed to file a proper summons with the pleadings or to serve the District with the pleadings. Instead of serving the District, Respondent testified that he was attempting to arrange a hearing date and that he planned to serve the District as soon as he arranged the hearing date. Respondent submits that because he was unable to arrange the hearing date, he never got to the point of serving the District.[1]

During the period in which Respondent was attempting to correct the summons and schedule the hearing, an additional complication arose. On June 12, 1986, Respondent was suspended from the practice of law for failure to comply with continuing legal education requirements; he has not been reinstated. There is a conflict in testimony as to whether Respondent informed citizens of his suspension. Respondent maintains that he orally informed Citizens of his suspension and their need to obtain substitute counsel.

[1] Eventually, Citizens retained substitute counsel and effected service on the District. A hearing was held and Citizens lost.

The Citizens chairperson testified that the group was not informed.

During May, June and July of 1986, the Citizens chairperson attempted to contact Respondent on numerous occasions, repeatedly leaving messages on Respondent's telephone answering machine. Respondent returned only 3 to 4 calls out of a total of over fifty phone calls. Respondent submits that most of these unanswered calls were made in succession on the same date and usually within a two hour period.

In July of 1986, Respondent informed Citizens that he wanted to associate another attorney. Citizens contacted this attorney, who confirmed having spoken with Respondent. Citizens sent the attorney $250.00 as a partial retainer. A few days later, the attorney withdrew from the case and returned the $250.00 retainer to Citizens.

On August 14, 1986, Respondent mailed Citizens the file on their case. On August 20, 1986, classes were scheduled to reconvene at the schools in question. Citizens immediately corresponded with Respondent requesting that he return $500.00 of the approximately $1000.00 in fees paid to him. Citizens received no response to this letter. After this call, Citizens did not hear from the Respondent again. On September 2, 1986 Citizens sent a certified letter to Respondent, which was returned unclaimed.

Citizens filed a grievance with the Board of Commissioners on Grievances and Discipline. Respondent was notified of this action on September 26, 1986, but did not respond. A second notice was mailed on October 9, 1986, to which Respondent replied on October 18, 1986. A Board investigator assigned to the case attempted to contact Respondent by letter on November 2, December 2 and December 9, 1986 but received no response. The first two letters were not returned. The letter of December 9, 1986 was returned by the Post Office.

A complaint was filed by the Attorney General's office on December 21, 1987. Respondent filed his answer on February 11, 1988. The Panel hearing was held on May 26, 1988. The Panel found that Respondent had engaged in professional misconduct by: 1) failing to communicate with his client; 2) neglecting a legal matter entrusted to him; 3) incompetently

handling a legal matter entrusted to him and; 4) failing to cooperate with the investigation of the Grievance Board. The Panel recommended that Respondent be indefinitely suspended from the practice of law. Upon review, the Executive Committee voted to adopt the findings of the Panel and also recommended an indefinite suspension. We agree with the concurrent findings of the Executive Committee and Panel; however, we find that the appropriate sanction is a definite suspension for a period of one year.

## DISCUSSION

Respondent has violated several disciplinary rules and rules of this Court. A lawyer shall not handle a legal matter which he knows or should know he is not competent to handle nor shall he neglect a legal matter entrusted to him. DR 6-101(A)(1) and (3). Conduct demonstrating a lack of professional competence in the practice of law constitutes misconduct. South Carolina Supreme Court Rule on Disciplinary Procedure § 5(C).

Here, Respondent prepared pleadings which he failed to serve on the School District. Respondent submits that when he went to file the pleadings, the Clerk of Court informed him that the summons needed to be revised. The summons needed to be revised because Respondent had set it up to include a signature line for the judge. Thereafter, Respondent attempted to contact the judge and set up a hearing. Apparently, he never prepared or filed a corrected summons. Respondent submits that he intended to set up a hearing date and then serve the District with the pleadings and summons.

Respondent's actions constituted failure to follow the South Carolina Rules of Civil Procedure. SCRCP 3(a) provides that a civil action is commenced by the filing and service of a summons and complaint. The summons is to be issued by the plaintiff or plaintiff's attorney. SCRCP 4(a), (b). Here, Respondent failed to serve the pleadings on the District. Instead, he tried to arrange a hearing; however, any attempt to schedule a hearing before service was premature. Respondent's failure to properly follow the rules of civil procedure constituted incompetence. Further, as time was of the essence, the delay occasioned by this incompe-

tence resulted in great prejudice to Respondent's client.

During the four months Respondent was responsible for the case, he failed to take adequate steps to assure that his clients' interests were being advanced. As a result of the delay, the action was not commenced until after the action Citizens sought to prevent had already taken place. Respondent's inaction constituted neglect of a legal matter entrusted to him.

Additionally, Respondent failed to adequately communicate with his client. The Citizens chairperson repeatedly phoned Respondent, but Respondent returned only three to four of the calls. Failure to communicate with a client constitutes misconduct. *See Matter of Leppard,* 272 S. C. 414, 252 S. E. (2d) 143 (1979). It is also further evidence of neglect of a legal matter.

Respondent also violated DR 2-110(A)(2), which provides that a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client. A suspended attorney must give notice of his suspension and advise his client to promptly seek substitute counsel. South Carolina Supreme Court Rule on Disciplinary Procedure, § 30(A) and (B). An attorney's suspension from the practice of law does not relieve him of his responsibility to comply with the direction of DR 2-110(A)(2) to avoid prejudice to his client upon withdrawal.

Respondent admits that he did not formally comply with § 30(A) and (B) in that he did not inform Citizens, in writing, that he had been suspended. Respondent submits, however, that he did orally inform Citizens of his suspension and consequently their need to associate another attorney. Citizens submits that it was not informed of the suspension.

Although Respondent did attempt to obtain substitute counsel, he had a duty to see that the substitute counsel accepted the case. Here, although substitute counsel initially accepted the case, Respondent was aware that the substitute decided not to accept the case. Respondent did not return the case file to Citizens until two weeks prior to time for school to reconvene. Thereafter, Citizens obtained substitute counsel without assistance from respondent. Respondent failed to protect his clients' interest by withdrawing from the case

in this manner, which constitutes misconduct.

Finally, Respondent failed to cooperate with the Grievance Board in its investigation of this matter. Respondent failed to answer letters sent by the Grievance Board, and failed to return the investigator's calls. He also failed to pay the costs incurred by the investigation. This constitutes misconduct. *See Matter of Foushee,* 296 S. C. 182, 371 S. E. (2d) 154 (1988).

## CONCLUSION

Respondent has engaged in conduct violating several Disciplinary Rules and provisions of the South Carolina Supreme Court Rule on Disciplinary Procedure. We find the appropriate sanction to be definite suspension for a period of one year. We order Respondent to pay the investigation costs incurred by the Grievance Board.

Respondent has previously surrendered his certificate to practice law in this state for failure to comply with CLE requirements and to pay bar dues. Respondent is ordered to notify his clients of his suspension if he has not previously done so and to otherwise comply with § 30 of the South Carolina Supreme Court Rule on Disciplinary Procedure.

Suspended for one year.