23197

In the Matter of O. Allen ALEXANDER, Respondent.

(391 S.E. (2d) 254)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*O. Allen Alexander,* Conway, *pro se.*

Submitted Feb. 26, 1990.

Decided April 16, 1990.

*Per Curiam:*

In this attorney grievance matter, respondent has tendered a conditional admission to the allegations below and consents to a public reprimand. We accept the conditional admission and publicly reprimand respondent.

In 1981, respondent was retained to obtain a child support enforcement order for client against her ex-husband. The parties entered into a settlement agreement which provided in part that the children would be adopted by client's current husband. Respondent was paid a fee to execute this adoption; however, respondent failed to complete or file the adoption action.

Respondent admits that he has neglected a legal matter entrusted to him. Although he now agrees to refund client the fee he received, he has violated DR 6-101(A)(3) of the Code of Professional Responsibility.

In another matter, respondent was retained by an insurance company and its attorney to initiate a lawsuit against a third party. It was agreed that respondent and the attorney would divide one-third of the amount collected, with respondent receiving two-thirds of the one-third portion. The insurance company was to receive two-thirds of the total fee collected. Respondent was subsequently issued a check for $3000 in the action on behalf of the insurance company. He deposited the check into his trust account and wrote himself a check for $1000 as a fee; however, no funds were ever transferred to the insurance company or its attorney.

Respondent admits that he has violated DR 9-102 of the Code of Professional Responsibility by failing to promptly

deliver funds to a client. He now agrees to refund the insurance company all the funds he received in this action.

In another matter, respondent defended an insurance carrier in an Industrial Commission matter. A single commissioner issued an award for the plaintiff against the company. Respondent appealed the award. The full Commission upheld the award, but the plaintiff never received any payment. Subsequently, respondent and plaintiff's counsel reached another agreement; however, the plaintiff was still not compensated by the carrier. Sanctions against the insurance carrier were imposed.

Respondent denies that he settled this matter without his client's consent; however, he admits that his handling of the case was contrary to the standards of the Code of Professional Responsibility.

We publicly reprimand respondent for his conduct in these matters.

Public reprimand.

CHANDLER, J., not participating.