### 23307

In the Matter of John Wesley HOWARD, III, Respondent.

(400 S.E. (2d) 138)

Supreme Court

Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. John P. Wilson, and Asst. Atty. Gen. James G. Bogle, Jr., Columbia, for complainant.

*Wilburn Brewer, Jr.*, of *Nexsen Pruet Jacobs & Pollard*, Columbia, *for respondent.*

Submitted Nov. 30, 1990.

Decided Jan. 21, 1991.

*Per Curiam:*

In this attorney grievance matter, respondent has conditionally admitted the allegations against him and consents to a public reprimand. We accept the conditional admission and publicly reprimand respondent. The complaints against respondent arise out of the following:

### The Bailey Matter

The Baileys retained respondent to assist them with an adoption. Respondent admits that, over a four (4) year period, despite numerous phone calls and visits by his clients, he failed to commence the adoption proceeding. He also admits that he misinformed his clients that the proceedings had been commenced when no action had been taken.

### The Chastain Matter

The Chastains were having difficulty paying their first and second mortgages and had obtained a buyer for the property. In April, 1986, they hired respondent to prepare a written sales contract and close the sale of their home. Although aware of the Chastains' precarious financial condition, respondent failed to draft a sales contract or complete the sale. Respondent blames his failure to perform on miscommunication. However, after the clients and buyer had contacted his office numerous times, respondent still did not prepare a sales contract or close the sale, and a foreclosure action was commenced on the first mortgage. Consequently, in November of 1986, the buyer refused to go through with the sale.

### The Powell Matter

On January 26, 1989, respondent was hired to bring an action on behalf of Mr. Powell and his daughter to establish Powell's common-law marriage. Respondent admits that he knew that the situation was urgent and that prompt action was necessary because the alleged common-law wife was seriously ill and his clients' rights were threatened.

Respondent further admits that he did not return all of his clients' phone calls and acknowledges that he informed his clients that the pleadings in the matter had been filed, when in fact they had not been filed. Respondent also concedes that he did not, upon the request of his client and the Chairman of the Greenville County Bar Association, provide a written accounting of the hours he worked on the case or return the fee.

Based on respondent's admissions, he has violated the Code of Professional Responsibility by: neglecting a legal matter entrusted to him; intentionally failing to carry out a contract entered into with a client for professional services; repeatedly failing to timely and properly communicate with his clients and others having a legitimate interest therein; causing damage or prejudice to a client; engaging in conduct involving misrepresentation; and engaging in conduct tending to bring the legal profession into disrepute. We publicly reprimand respondent for his conduct in these matters.

Publicly reprimanded.