23871

In the MATTER OF Laurence Harmon NIDA, Respondent.

(432 S.E. (2d) 462)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. James G. Bogle, Jr.,* and *Deputy Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Laurence Harmon Nida, pro se.*

Heard May 4, 1993.

Decided June 7, 1993.

*Per Curiam:*

In this disciplinary matter, Respondent, Laurence Harmon Nida, is charged with numerous violations of the Code of Professional Responsibility.[1] The Panel recommended a private reprimand; the Executive Committee adopted the Panel's findings but recommended a 90-day suspension.[2]

After careful review of the record, we find the appropriate sanction is suspension for a period of nine months.

## FACTS

In 1986, Respondent represented Frances and William Pickles in a real estate closing on a Myrtle Beach condominium.[3] Thereafter, the Pickles rented the condo to one Vicki Curran.

In April, 1987, Curran failed to pay the rent. Efforts by Respondent, on behalf of the Pickles, to collect the rent from Curran were unsuccessful.

On December 23, 1987, when Curran informed him that she owed the Pickles nothing and was vacating the premises, Respondent advised the Pickles that he felt he could "successfully recover what she owes you plus any loss of rent you

---

[1]The acts complained of occurred prior to the September, 1990, effective date of the Rule of Professional Conduct, Rule 407 SCACR.

[2]Nida received a public reprimand in March, 1989. *In the Matter of Nida,* 297 S.C. 541, 377 S.E. (2d) 580 (1989).

[3]The Pickles, Virginia residents at the time, purchased the condo as a retirement home.

incur. . . . If you do wish for me to proceed, please give me further instructions. . . ." The Pickles instructed Respondent to continue his efforts to recover the rents.

In September, 1988, no acting having been taken by Respondent, the Pickles requested their file, noting "Evidently you don't have time to work with us on our problem. . . ." Respondent failed to respond. When the Pickles later went to Respondent's Myrtle Beach office, they found it vacant and were advised that Respondent had moved to Charleston. When the Pickles were unable to locate Respondent in Charleston, they filed this complaint.

Respondent arrived at the Panel hearing approximately 1½ hours late, advising that he made no prior arrangements to attend the meeting, explaining that he had "just put this thing out of mind."

The Panel found Respondent to be in violation of the following provisions of the Code of Professional Responsibility:

DR-1-102(A)(1) A lawyer shall not violate the disciplinary rule.

DR-1-102(A)(5) A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

DR-2-110(A)(2) A lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudices to the rights of his clients, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with the applicable laws and rules.

DR-6-101(A)(3) A lawyer shall not neglect a legal matter entrusted to him. DR-7-101(A)(1) A lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonable available means permitted by law and the disciplinary rules. . . .

DR-7-101(A)(2) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services. . . .

## DISCUSSION

The Executive Committee was concerned by Respondent's "total lackadaisical attitude toward the practice of law." This concern was well-founded.

Respondent's failure to properly represent the Pickles and protect their interests was in gross disregard of an attorney's obligation to his client. Indeed, here, he abandoned his clients entirely.

Respondent's conduct was exacerbated by his failure, or refusal, to cooperate with the Hearing Panel. His explanation to the Panel that he "put this thing out of my mind" is patent evidence of his inability to understand the role of an attorney. We find the appropriate sanction to be a nine-month suspension.

Nine-month suspension.