23946

In The Matter of Thomas Griffin WOODRUFF Jr., Respondent.

(438 S.E. (2d) 227)

Supreme Court

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Barbara M. Heape* and *James G. Bogle,* Columbia, *for complainant.*

*Jane Matthews Moody,* Barnwell, *for respondent.*

Heard April 19, 1993.

Decided Nov. 8, 1993.

*Per Curiam:*

While admittedly abusing alcohol, respondent neglected two legal matters to the prejudice of his clients and failed to promptly deliver their property to them. In so doing, he violated Supreme Court Rule 32, DRs 1-102(A)(5) and (6); 6-101(A); 7-101(A)(1), (2) and (3), and 9-102(B)(4).[1] He also failed to properly respond to the inquiries of the Board of Commissioners on Grievances and Discipline (Board), a separate act of misconduct. *In the Matter of Treacy,* 277 S.C. 514, 290 S.E. (2d) 240 (1982). The Panel and the Executive Committee recommended respondent be given a public reprimand. We agree, and impose several conditions.

In a domestic action, respondent failed to file certain pleadings and documents. As a result, respondent was held in contempt and ordered to personally pay his client's wife's attorney his $237.50 attorney's fee. Further, the client was required to hire another attorney for $600 to complete matters for him. Respondent also violated the rule of confidentiality by divulging the existence of a grievance filed by this client to another attorney and a family court judge. Respondent admitted abusing alcohol during this period.

---

[1] These acts of misconduct occurred prior to the adoption of Rule 407, SCACR.

In another matter, respondent undertook representation but neglected the matter while misleading his client into believing the case was being pursued. Alcohol abuse was again present.

Respondent initially failed to cooperate with the Board. After he was approached by members of the Lawyers Caring about Lawyers Committee, however, he sought help for his substance abuse problem. After this problem was brought under control, he cooperated with these investigations.

While substance abuse is not a mitigating factor in attorney discipline matters, it is a factor in determining the appropriate sanction. *See, e.g., In the Matter of Lempesis*, 293 S.C. 510, 362 S.E. (2d) 10 (1987). After a consideration of all relevant factors, we impose a public reprimand with the following conditions. First, respondent shall, within ten days of the date this opinion is filed, reimburse his domestic client the additional $600 attorney's fee he incurred, and respondent shall also pay the client's wife's attorney $237.50 as ordered by the family court. Second, respondent shall maintain contact with the Lawyers Caring about Lawyers Committee until further order of the Court. For the first six months following the filing of this opinion, the Committee shall make a monthly report to the Board regarding respondent's progress. Thereafter, the Committee shall make quarterly reports to the Board. Under these conditions, we impose upon respondent a

Public reprimand.