24146

In the Matter of Richard H. WARDER, Respondent.

(449 S.E. (2d) 489)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Deputy Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Richard H. Warder, pro se.*

Submitted Aug. 3, 1994.

Decided Sept. 19, 1994.

*Per Curiam:*

In this attorney grievance matter, respondent admits that he has committed ethical violations and consents to a public reprimand pursuant to Paragraph 28 of the Rule on Disciplinary Procedure, Rule 413, SCACR. We accept respondent's admission and issue a public reprimand.

## The Shelton Matter

While respondent was representing Mr. Shelton in a collection matter, an unrelated complaint and summons was served on Shelton. On January 11, 1989, Shelton took the complaint and summons to respondent and understood that respondent was going to handle the matter. Respondent states he did not believe that Shelton had retained him in the matter on that date; however, respondent admits that he failed to ensure that Shelton understood the situation. After the time limit for serving an answer had expired, respondent had Shelton sign a contract whereby respondent agreed to defend Shelton in the matter. Thereafter, respondent filed an answer but took no other action until an entry of default was obtained against Shelton. Prior to a damages hearing, a settlement offer was made to respondent. However, respondent admits he may have never discussed this offer with Shelton. Respondent also admits that he failed to notify Shelton of the damages hearing until the morning of the hearing. A default judgment of $21,591.60 was eventually entered against Shelton.

## The DiEdwardo Matter

Respondent was retained to represent Mr. DiEdwardo on a charge of driving under the influence and another matter. On May 23, 1991, the solicitor's office sent respondent notice that DiEdwardo was to appear in general sessions court on June 7, 1991. Respondent failed to communicate this information to DiEdwardo and, as a result, DiEdwardo failed to appear in court and a bench warrant was issued. Later, upon speaking with respondent's office, DiEdwardo was told that the bench

warrant had been "handled." However, DiEdwardo was subsequently arrested and jailed pursuant to the bench warrant. Upon his release from jail, DiEdwardo hired a different attorney.

## The Watson Matter

Respondent was representing a client in a wrongful death action. At the same time, Mr. Watson, owner of a finance company, was evaluating a loan application filed by respondent's client. Watson contacted respondent to inquire about the nature of the wrongful death action. Respondent told Watson that the client "would have an interest in the settlement which [respondent] expected to be substantial." After this conversation, Watson had the client execute an assignment of the proceeds of the settlement in which the client agreed that respondent would deduct funds from the proceeds to pay off the loan. In reality, respondent's client had no personal claim to the proceeds as she was merely the conservator for the decedent's children in the wrongful death action.

## The Shepard Matter

Respondent undertook representation of Ms. Shepard in a family court matter. Respondent failed to return phone messages and failed to keep Shepard properly advised about the status of her action. Respondent's inaction caused a delay in the resolution of Shepard's lawsuit.

## The Loukadkis Matter

Mr. Loukadkis was cited for disorderly conduct and failure to surrender his driver's license. He retained respondent to represent him on these charges. Respondent failed to properly handle the matter and failed to inform Loukadkis of his trial date. As a result, Loukadkis was tried and convicted in his absence.

## The Means Matter

Mr. Means pled guilty to a criminal offense and was sentenced by fifty-one months' imprisonment. Means paid respondent $2,500 to review the sentence to determine if it was "appropriate." Means also paid respondent $10,000 to obtain a transcript of the plea proceeding to determine if grounds for

an appeal existed. Respondent states he concluded that no grounds existed for an appeal, but admits that he failed to communicate his conclusion to Means. Respondent also admits that he overcharged Means for the work performed, but states that he refunded $8,000 to Means after a grievance was filed.

### The Robinson Matter

Respondent failed to properly communicate with Ms. Robinson about her appeal. Respondent also failed to timely inform Ms. Robinson that he was not going to file a petition for rehearing. When Robinson filed such a petition herself, the time limits for seeking a rehearing had expired.

### The Perrin Matter

Respondent represented Mr. Perrin in a discrimination action based in part on Title VII of the Federal Civil Rights Act of 1964. The action was brought in state court but was later dismissed on the grounds that the federal courts had exclusive jurisdiction over such matters. Respondent admits that he may not have adequately informed Perrin that the action had been dismissed by the state court.

### The Smith Matter

Respondent represented Ms. Smith in a domestic matter but failed to submit a written order to the family court. As a result, Smith was not paid child support for a period of time.

### The Carlton Matter

Respondent represented Ms. Carlton on a driving under the influence charge. Carlton was convicted and requested respondent to file an appeal. Despite respondent's duty to serve and file a notice of appeal for Ms. Carlton and to continue to represent her until relieved by this Court, *In re Anonymous Member of the Bar*, 303 S.C. 306, 400 S.E. (2d) 483 (1991), respondent refused to initiate an appeal until Carlton paid an additional fee.

### Failure To Cooperate

Respondent admits that he failed to cooperate fully with the Board of Commissioners on Grievances and Discipline (the

Board) during the investigation of the grievances filed against him. Specifically, respondent admits that he did not respond to initial letters sent by the Board concerning five grievances. Respondent also admits that he delayed responding to follow-up letters sent by the Board concerning the grievances. In addition, a Board member investigating the grievances sent respondent a letter asking respondent to contact the Board member. Respondent admits he failed to contact the Board member.

In our opinion, respondent's conduct warrants a public reprimand. By failing to provide competent representation to his clients, by failing to act with reasonable diligence and promptness in representing his clients, and by failing to adequately communicate with this clients, respondent has violated Rules 1.1, 1.3, and 1.4 of the Rules of Professional Conduct, Rule 407, SCACR. In addition, by failing to cooperate fully with the Board of Commissioners on Grievances and Discipline during the investigation of the grievances filed against him, respondent has violated Rule 8.1 of the Rules of Professional Conduct. Accordingly, we publicly reprimand respondent.

Public reprimand.

FINNEY, A.J., not participating.