24151

In the Matter of Randall M. CHASTAIN, Respondent.

(450 S.E. (2d) 578)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. James T. Bogle, Jr.,* and *Deputy Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Wilburn Brewer, Jr.* and *Thomas C. Lagare, Jr., of Nexsen, Pruet, Jacobs & Pollard, LLP,* Columbia, *for respondent.*

Submitted Aug. 30, 1994.

Decided Oct. 10, 1994.

*Per Curiam*:

In this attorney grievance matter, respondent admits that he has committed ethical violations and consents to a definite suspension pursuant to Paragraph 28 of the Rule on Disciplinary Procedure, Rule 413, SCACR.[1] We accept respondent's admission and suspend him from the practice of law.

### The Hunt Matter

Ms. Hunt paid respondent a $10,000 retainer to represent her in a lawsuit. Respondent admits that he failed to return telephone calls from Ms. Hunt and failed to respond to letters sent by Ms. Hunt and another individual involved in the lawsuit. In addition, respondent did not return any portion of the $10,000 retainer.

### The Kelcourse Matter

Mr. and Mrs. Kelcourse paid the respondent $10,000 for his representation in an adoption proceeding. Respondent admits that after the Kelcourses sent a facsimile to him terminating the attorney-client relationship, respondent continued to work

---

[1] Respondent was temporarily suspended from the practice of law by order of this Court dated March 17, 1994.

on the case and did not return the $10,000 retainer. Respondent also admits he did not respond to telephone calls and correspondence from the Kelcourses.

### The Hilton Head Matter

Respondent was retained by the Town of Hilton Head to prepare a memorandum concerning the constitutionality of a sign ordinance. Subsequently, respondent failed to send a memorandum to the town, and failed to respond to telephone calls and correspondence concerning the progress of the memorandum. In addition, respondent admits that he failed to return the fee paid to him for the project.

### The Cuppia Matter

Mr. Cuppia paid respondent a $5,000 retainer for representation in a domestic matter. After Mr. Cuppia obtained an out-of-court agreement with his wife, Mr. Cuppia requested that respondent return the unused portion of the retainer. Respondent admits that he failed to return the unused portion of the retainer.

### The Byars Matter

Ms. Byars retained respondent to represent her in a domestic matter. Respondent admits that he failed to answer telephone calls and correspondence from both Ms. Byars and an attorney subsequently retained by Ms. Byars.

### The Farmer Matter

Mr. Farmer paid respondent a $5,000 retainer to assist another attorney in filing a civil action challenging the constitutionality of South Carolina's machine gun laws. Respondent admits that he failed to answer telephone calls and correspondence from the other attorney and Mr. Farmer, and that he failed to return the retainer as requested by Mr. Farmer.

### The Hughes Matter

Mr. Hughes retained respondent to represent him in an appeal of a domestic matter. Respondent admits that he did not answer telephone calls and correspondence from Mr. Hughes concerning the appellate court's award of attorney's fees.

### The Housand Matter

Mr. Housand paid respondent a $3,500 retainer to assist another attorney in handling a domestic matter. Respondent ad-

mits that he failed to answer telephone calls and correspondence from the other attorney and Mr. Housand, and that he failed to return the retainer as requested by Mr. Housand.

### The Naumann Matter

Ms. Naumann hired respondent to represent her in a domestic matter. Respondent admits that he failed to answer telephone calls and correspondence from Ms. Naumann, and that he failed to return the balance of a retainer paid by Ms. Naumann.

### Failure To Cooperate With Investigation

Respondent admits that he failed to cooperate with the Board of Commisioners on Grievances and Discipline (the Board) during the investigation of the grievances filed against him. Specifically, respondent admits that he did not return calls from the Board's investigator, that he failed to answer correspondence from the Board, and that he failed to timely comply with two subpoenas *duces tecum*.

In our opinion, respondent's conduct warrants a definite suspension. By failing to act with reasonable diligence and promptness in representing his clients, and by failing to adequately communicate with his clients, respondent has violated Rules 1.3 and 1.4 of the Rules of Professional Conduct, Rule 407, SCACR. In addition, by failing to cooperate with the Board during the investigation of the grievances filed against him, respondent has violated Rule 8.1 of the Rules of Professional conduct.

It is therefore ordered that respondent shall be suspended from the practice of law in this State for a period of two (2) years retroactive to March 17, 1994, the date respondent was temporarily suspended from the practice of law. Respondent shall continue to participate in his current counseling until such time as his counselor determines that further counseling is not necessary. If respondent seeks readmission to the practice of law in this state following his two-year suspension, respondent shall prove to the Committee on Character and Fitness that the conditions requiring the counseling will no longer adversely affect his ability to practice law. This requirement is in addition to all other provisions governing readmission contained in Paragraphs 37 and 38, Rule 413, SCACR.

It is further ordered that respondent shall, before applying for readmission, pay restitution to his clients as follows: to Ms. Hunt:—$10,000; to the Kelcourses—$10,000; to the Town of Hilton Head—$1,500; to Mr. Cuppia—$515; to Mr. Farmer—$5,000; to Mr. Housand—$3,500; and to Ms. Naumann—$275. Within (15) fifteen days of the date of filing of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR. At the same time, respondent shall also submit to the Court for its consideration and approval a plan for making the above-ordered restitution.

Definite suspension.