24247

In the Matter of Michael E. LYNCH, Respondent.

(458 S.C. (2d) 39)

Supreme Court

*Charles M. Condon, Atty. Gen., J. Emory Smith, Jr., Asst. Deputy Atty. Gen.,* and *Charles H. Richardson, Asst. Atty. Gen.,* Columbia, *for complainant.*

*Michael E. Lynch,* Hendersonville, N.C., *pro se.*

Submitted Apr. 12, 1995.

Decided May 8, 1995.

*Per Curiam:*

In this attorney grievance matter, respondent admits his misconduct and consents to a public reprimand. We accept the admission and publicly reprimand him for his conduct in the following matters:

### The Jaworski Matter

Arlene M. Jaworski retained respondent to represent her in a domestic matter. Ms. Jaworski attempted to contact respondent in 1992 regarding the matter but learned at that time that he had closed his Greenville, South Carolina, law office. Respondent admits that he closed his Greenville office and moved to North Carolina without informing Ms. Jaworski that he was terminating his South Carolina law practice.

### The Motes Matter

Patricia Motes retained respondent regarding a bankruptcy action. In 1993, she attempted to contact respondent about the

matter but was unable to locate him. Respondent admits he did not notify Ms. Motes prior to leaving South Carolina.

The Court finds that by his conduct, respondent has violated Rule 1.4(a) of the Rules of Professional Conduct, Rule 407, SCACR, by failing to keep his clients reasonably informed about the status of their cases and promptly complying with their requests for information; Rule 1.16(d) of Rule 407, SCACR, by terminating representation without taking steps reasonably practicable to protect his clients' interests, such as by giving reasonable notice to the client; and Paragraph 5(D) of the Rules on Disciplinary Procedure, Rule 413, SCACR, by engaging in conduct which brings the legal profession into disrepute. Accordingly, the Court finds respondent's conduct merits a public reprimand.

Public reprimand.