## 24310

In the Matter of Kenneth Lynn TOOTLE, Respondent.

(461 S.E. (2d) 824)

Supreme Court

*Kenneth Lynn Tootle*, Beaufort, *pro se.*

*Atty. Gen. Charles Molony Condon*, and *Asst. Deputy Atty. Gen. J. Emory Smith*, Columbia, *for complainant.*

Heard July 11, 1995.

Decided Aug. 28, 1995.

*Per Curiam:*

This is an attorney disciplinary matter. Respondent admits to misconduct in the following matters.

1) Karesztes Matter

Catherine Karesztes, a Massachusetts resident, retained respondent to close on the refinancing of a loan for property located in Beaufort. The closing took place on September 4, 1992, and Karesztes was due $1,746.45. The mortgages were recorded on September 10, and November 6, 1992. After several months and following numerous phone calls, Mrs. Karesztes still had not received the amount she was due from the closing. Respondent told Mrs. Karesztes he was waiting on some papers to be returned from the courthouse. In January 1993, Mrs. Karesztes requested that her regular attorney in Massachusetts look into the matter. He wrote respondent three times and, after receiving no response, filed a complaint with the Board of Commissioners on Grievances and Discipline (Board). The Board wrote respondent on March 5 and March 31, 1993, and received no response. A third letter was sent on June 22, 1993, by an investigator for the Board and again respondent did not respond. Mrs. Karesztes finally received her money in July 1993. The Panel of the Board (Panel) found respondent violated Rules 1.3 and 1.15 of the Rules of Professional Conduct, Rule 407, SCACR, for failure to conclude all matters undertaken for a client and cooperate with the Board.

2) Hodges Matter

Respondent represented purchasers, Eddie Garris and Sandra Burke, in a property transaction in May 1993. Respondent never recorded the deed following the July 1, 1993, closing. As

a result, the sellers, the Hodges, continued to receive the tax notices. The Hodges' attorney wrote respondent about the matter on April 14, 1994 and again on April 27, 1994. He did not receive any response. Respondent also failed to respond to two letters from the Board on this matter. The deed was finally recorded in August of 1994. Again, the Panel found respondent violated Rules 1.3 and 1.15 for failure to conclude all matters undertaken for a client and cooperate with the Board.

3) Greene Matter

James Timothy Greene retained respondent to file for bankruptcy in July 1993. In November 1993 Greene signed the petition for bankruptcy and returned it to respondent. Respondent never properly refiled the petition after it was returned by the court because of errors. Mr. Greene wrote respondent twice in July 1994 requesting a refund of the $500.00 retainer which he paid respondent. Respondent did not respond to Mr. Greene's letters. The Board also wrote respondent twice on July 5 and July 20, 1994, and did not receive any response. The Panel found respondent violated Rules 1.3 and 1.4(a) of Rule 407, SCACR, for failure to conclude a matter, keep a client informed and cooperate with the Board.

4) Gilliland Matter

In August 1991, Scott Gilliland retained respondent to represent him on a contingency basis in an action regarding injuries which Gilliland received in an automobile accident in Florida. During the next three years, respondent admitted he did little work, only writing to the insurance company twice. In 1994, after receiving no response to any of his inquiries to respondent, Gilliland retained a Florida attorney who attempted to obtain the documents which Gilliland had given to respondent. Respondent testified he sent the documents in October 1994. The Board wrote respondent three times (April 15, May 10, and July 6, 1994) and did not receive any response. The investigator for the Board finally spoke with respondent on August 10, 1994. The investigator then sent respondent a letter dated August 10, 1994, and again respondent did not respond. The Panel found respondent violated Rules 1.3 and 1.4(a) and failed to cooperate with the Board.

Respondent admits he neglected these matters and concedes he failed to cooperate and communicate with the Board.

The Panel recommended a thirty-day suspension. The Executive Committee adopted the Panel's findings of fact and conclusions of law, but recommended a ninety-day suspension. Respondent's misconduct warrants a definite suspension. Therefore, respondent is hereby suspended from the practice of law in this State for a period of four months.

Definite suspension.