24360

In the Matter of Susan E. SHIBLEY, Respondent.

(465 S.E. (2d) 356)

Supreme Court

---

*Susan E. Shibley,* Gaffney, *pro se.*

*Attorney General Charles Molony Condon* and *Assistant Deputy Attorney General J. Emory Smith, Jr.,* Columbia, *for complainant.*

Heard Oct. 17, 1995.

Decided Dec. 11, 1995.

*Per Curiam:*

This is an attorney disciplinary matter. The Panel found several instances of misconduct and a pattern of misconduct and neglect. The Panel recommended respondent be given a public reprimand conditioned upon her completing 20 hours of Continuing Legal Education (CLE) credits per year on law management for two years.[1] The Executive Committee adopted the Panel's report and recommendation by a 7 to 1 vote. One member voted for a definite suspension.

Respondent did not answer the Board's amended complaint which added several new allegations. Thus, anything added by the amended complaint is deemed admitted under 13(B) and (C) of Rule 413, SCACR. Respondent did not file a brief and she stated at the hearing before us that she agreed with the Panel's findings of fact except for minor facts which would not have affected the recommendation.

---

[1] If respondent failed to or refused to attend the CLE courses, the Panel recommended a definite suspension.

1) Deborah L. Little Matter

In a worker's compensation action, in December 1993 respondent told Mrs. Little a settlement had been reached and the money would be disbursed when Mrs. Little signed a clincher agreement which respondent stated she had not received from the insurance carrier's attorney. The insurance carrier's attorney had sent the agreement and settlement check to respondent on October 6, 1993.

Respondent claims she mailed the signed agreement to the Columbia office of the insurance carrier's attorney's firm. However, he never received it and asked respondent about it in December. In January, respondent completed a new form and sent it to the attorney. Mrs. Little finally received her money in April 1994.

In a domestic matter, respondent sent a proposed order to the family court judge in June 1993 which he signed. The order was not filed until September 1993, and respondent did not send Mrs. Little a copy of the order. Mrs. Little first learned an order had been filed when a friend saw the divorce decree notification in the local paper.

Respondent did not answer the complaint in this disciplinary action until six months after the Board requested one. Respondent answered by stating Mrs. Little had failed to keep appointments and her check had bounced twice. Respondent also responded to a subpoena from the Board three weeks after the deadline. Respondent answered that she did not timely respond to the Board because she thought Mrs. Little had dropped the complaint since Mrs. Little had retained her for follow-up work on the domestic action.

2) Ulyses and Patty Greene Matter

On July 30, 1992, respondent took a $1,000 retainer to represent Maybelle Wallace in a quiet title action. No significant action has been taken on this action. The Greenes are the caretakers of Mrs. Wallace who is eighty-six-years old. The Board requested a response to this complaint on May 13 and June 3, 1994. The Board finally received a response on July 6, 1994. Again, respondent did not timely comply with a subpoena from the Board. Respondent contends the Greenes only filed this complaint in retaliation for respondent's representation of Mrs. Greene's ex-husband in a bitter custody dispute.

### 3) Cheryl MacMillan Matter

On July 1, 1994, respondent ordered a transcript from court reporter Cheryl MacMillan. Mrs. MacMillan sent respondent a bill on July 20th, but was not paid until November 4th after respondent was sent several letters from Mrs. MacMillan and one from Court Administration and this complaint was filed on October 17th. During the hearing respondent blamed her failure to pay for the transcript on being a sole practitioner with a limited budget and the fact that her client had not paid her.

### 4) McCullough Matter

Respondent represented Rachel McCullough in a domestic action. The family court judge in a letter dated November 1, 1993, requested respondent prepare an order. Respondent did not get an order signed by the family court judge until August 1994. Respondent claims she never received the judge's letter. The Panel found respondent sought to conceal the existence of the judge's letter.

The Board requested a response to this complaint on August 12, 1994, and August 30, 1994. Respondent finally responded on September 10, 1994. There was no response to the Board's subpoena due by November 11, 1994.

### 5) Henry Gettys/Gaffney Lumber Company Matter

Respondent represented the Gaffney Lumber Company in a mechanics lien action. Respondent failed to properly file the lien. Respondent executed a note to Gaffney Lumber for $16,000 plus interest for the losses which it incurred because of respondent's failure to perfect the lien. Respondent's insurance would not cover this claim. Respondent has not paid on the note. Respondent also failed to file judgments against three people on behalf of Gaffney Lumber. Respondent failed to reply to the Board's letters dated October 19, 1994, and December 1, 1994, and a subpoena due by November 11, 1994.

Respondent has violated Rule 1.3 (failed to act with reasonable diligence), 1.4(a) (failed to keep clients informed), 8.4(e) (engaged in conduct prejudicial to the administration of justice) and 8.4(a) (violated the rules of professional conduct) of Rule 407, SCACR, and ¶ 5(D) (engaged in conduct tending to bring the legal profession into disrepute) of Rule 413, SCACR.

Respondent also failed to cooperate with the Board. *In the Matter of Treacy,* 277 S.C. 514, 290 S.E. (2d) 240 (1982). Further, respondent has also engaged in a pattern of conduct which has called into question her fitness to continue the practice of law.

Respondent's misconduct warrants a definite suspension. Therefore, respondent is hereby suspended from the practice of law in this State for a period of sixty days.

Definite suspension.