24369

In the Matter of Paul M. Larkin, Respondent.

(466 S.E. (2d) 355)

Supreme Court

*Attorney General Charles Molony Condon* and *Assistant Deputy Attorney General J. Emory Smith, Jr.,* Columbia, *for complainant.*

*George M. Hearn, Jr.,* Conway, *for respondent.*

Submitted Nov. 6, 1995.

Decided Jan. 22, 1996.

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits that he has committed ethical violations and consents to a public reprimand. We accept respondent's conditional admission and publicly reprimand him for his conduct.

### The Knox Matter
Ms. Knox received a traffic ticket and retained respondent to represent her. Respondent did not advise Ms. Knox of her court date and as a result of her failure to appear in court or pay a fine by September 7, 1992, she was found guilty in her absence. Eventually, Ms. Knox retained another lawyer who was able to get the charges reduced. Ms. Knox then requested a refund of the $140.00 she had paid respondent for representation. Respondent did not refund Ms. Knox the $140.00 until March 7, 1995.

### The Uman Matter
In December of 1991, Mr. Uman retained respondent to assist him in a legal dispute with a business partner, Mr. Borque. Under the terms of the settlement, Mr. Borque was to pay Mr. Uman, through respondent, 52 payments of $200.00, and three payments of $500.00. On several occasions during the course of the payments, Mr. Uman asked respondent for an accounting regarding the funds. Respondent admits he failed to provide Mr. Uman with the requested accounting.

### The Brooks Matter
Ms. Brooks retained respondent in a dispute over child support. On April 13, 1993, a hearing was held in which the matter of temporary child support was considered. On April 21, 1993, the family court issued a temporary child support order. It was not until June 4, 1993, that respondent informed Ms. Brooks of the results of the hearing. Between the date of the

hearing and the date of respondent's letter, Ms. Brooks called respondent on numerous occasions to determine what had occurred at the hearing. Respondent admits he never returned Ms. Brooks' phone calls. Ms. Brooks terminated the attorney-client relationship by letter dated June 25, 1993, and requested an itemized statement from respondent regarding his fees. Respondent admits that he failed to supply Ms. Brooks with the requested itemized statement.

### The Travelstead Matter

Respondent denies that he was retained by Mr. Travelstead in connection with Mr. Travelstead's potential claim against a former co-worker. However, respondent admits he should have been more definitive in his conversations with Mr. Travelstead regarding the nature of their attorney-client relationship.

### Failure to Cooperate

Respondent admits he failed to properly respond to the Board's inquiries regarding the complaints. Specifically, respondent admits he did not timely respond to the Board's letters dated November 23, 1992, and December 11, 1992, concerning Ms. Knox's complaint. Respondent did finally respond on March, 9, 1993. Further, respondent admits he did not respond to the Board's letter dated May 5, 1993, regarding Mr. Uman's complaint. Additionally, respondent admits he did not respond to the Board's July 22, 1993, and August 11, 1993, letters concerning Ms. Brooks' complaint. Respondent also admits he failed to respond to the August 30, 1993, letter of the investigator assigned to the Brooks' matter. Finally, respondent admits he did not promptly respond to the Board's inquiries in the Travelstead matter.

The Court finds that respondent has violated Rule 1.3 of the Rules of Professional Conduct contained in Rule 407, SCACR, by failing to act with reasonable diligence and promptness in representing a client; Rule 1.4(a) of Rule 407, by failing to keep a client reasonably informed about the status of a matter and comply promptly with reasonable requests for information; Rule 1.15 of Rule 407, by failing to render promptly a full accounting regarding property of the client or third person. Finally, respondent did not timely respond to the Board's inquiries and failed to cooperate with the Board's investigation.

*See Matter of Foushee,* 296 S.C. 182, 371 S.E. (2d) 154 (1988). Accordingly, we publicly reprimand respondent.

Public reprimand.