496 S.E.2d 627

**In the Matter of Donald M. HOLLER, Respondent.**

No. 24760.

Supreme Court of South Carolina.

Heard Dec. 15, 1997.

Decided Feb. 9, 1998.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for Complainant.

Coming B. Gibbs, Jr., of Gibbs & Holmes, Charleston, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, we impose on Donald M. Holler ("Attorney") a 30 day suspension and place him on disability inactive status.

## FACTS

### DAVIS MATTER

Attorney admitted the following allegations: In August 1993, Hackles Davis, Jr. retained Attorney to handle two separate legal matters. These included a dispute with Davis's brother regarding the dissolution of a farming partnership and an accounting of various partnership assets, and a dispute with Davis's brother and other parties regarding certain real property. Davis paid Attorney a retainer of $1,000.00.

Davis alleged that Attorney failed to communicate with him about the status of these matters, failed to return his phone calls, and failed to supply him with an accounting for the fees Davis paid him.

The Panel found that Attorney had prepared a complaint with respect to the dissolution of the farming partnership. Davis stated that Attorney had told him that he had filed the action, but when Davis went to the clerk of court's office, he was told that nothing was on file. Attorney claimed that he had received a phone call on his answering machine from a woman indicating that Davis did not want the suit brought because Davis and his brother were trying to resolve the matter on their own. Davis, his wife, and his son denied having knowledge of any call to Attorney asking him to cease working on the case.

In relation to the dispute surrounding the real property, a deed had been prepared incorrectly, and Davis had hired Attorney to correct this problem. Attorney did not take any

action; nor did he respond to numerous phone calls by Davis. Additionally, Attorney failed to respond to the letters from the Board of Commissioners on Grievances and Discipline.

## JENKINS MATTER

Attorney admitted the following allegations: In June 1994, Robert Jenkins retained Attorney to represent him in transferring title to some real estate and in bringing an action against a car dealership for a defective paint job. Jenkins paid Attorney a $500.00 retainer. Jenkins claimed that he did not receive the deed. After Jenkins complained to the Board, Attorney reports that he sent him a copy of the deed. Attorney never took any action for Jenkins as to the paint job, and he never returned the retainer. He failed to respond to Jenkins's attempts to contact him about the status of these matters. He also failed to respond to two letters from the Board.

The Panel found that the deed transferring the property to Jenkins by his daughter was originally signed in June or July 1994, but was apparently lost by Attorney and never filed. Attorney prepared the deed again, and it was executed on November 8, 1994 and recorded by Attorney on December 21, 1994. Jenkins did not receive a copy of the deed from Attorney. Attorney would not respond to Jenkins's attempts to contact him by phone and letter. Jenkins's daughter testified that Attorney had told her that the first deed was lost when Attorney was moving between offices and that he had prepared a second deed. She also indicated that Attorney had told her that the action concerning the paint job had been filed, but no copies had been sent to her.

Attorney testified that there were two deeds; the second was prepared to correct the first. He stated that he had sent the first deed to Jenkins, but did not know whether he had sent the second. He admitted not having sent a copy of the second deed to Jenkins until after the complaint was filed. He also admitted to failing to respond to the letters from the Board of Commissioners on Grievances and Discipline.

## MANIGAULT MATTER

Attorney admitted the following allegations: Attorney was the buyer's attorney for the closing of a sale of land in

Berkeley County by Clifton Manigault in August 1995. From the closing, Attorney retained $3,086.50, of which $450.00 was his fee, $2,488.50 was for taxes on the property to be sent by him to the Department of Revenue, and $148.00 was for deed stamps. Attorney failed to pay the Department of Revenue until September 9, 1996, after Manigault complained to the Board on August 20, 1996. Attorney also failed to record the deed until after Manigault complained.

 The Panel found that Attorney breached the Rules of Professional Conduct, Rule 407, SCACR, by failing to deliver promptly to a client or to a third person such funds client or person was entitled to receive (Rule 1.15(b)); by failing to act with reasonable diligence and promptness in representing a client (Rule 1.3); and by failing to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information (Rule 1.4(a)). Additionally, Attorney failed to cooperate with the investigations of the Board. *See In re Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982).

The Panel was impressed with Attorney's honesty and his desire for treatment and rehabilitation. It was convinced that Attorney's failings did not represent a willingness to allow or condone wrongdoing, but were the result of a single, isolated incident of major depression stemming from numerous difficult circumstances. In its March 24, 1997 report, the Panel recommended that Attorney's sanction be a public reprimand conditioned upon repayment of $500.00 to Jenkins and $1000.00 to Davis. Furthermore, the Panel recommended that Attorney be barred from active daily practice unless he agrees to participate in a mentor program and to file psychological reports not less frequently than every six months until such time that his psychiatrist certifies that the current mental illness has ended and has been successfully treated.

The Interim Review Committee voted to adopt the Panel's findings of fact and conclusions of law; however, it disagreed with the suggested sanction. It unanimously recommended that Attorney be suspended from the practice of law for 30 days, and in light of the fact that Attorney is presently on

administrative suspension for his failure to pay Bar dues,[1] that he be placed on disability inactive status.

## SANCTION

We have imposed a wide range of sanctions in cases involving such misconduct as neglect of legal matters, failure to disburse proceeds, failure to communicate with clients, and failure to cooperate with the Board. Cases in which public reprimands have been imposed include the following: *In re Davis,* 321 S.C. 281, 468 S.E.2d 301 (1996); *In re Larkin,* 320 S.C. 512, 466 S.E.2d 355 (1996); *In re Ledford,* 317 S.C. 177, 452 S.E.2d 605 (1994); *In re Warder,* 316 S.C. 249, 449 S.E.2d 489 (1994); *In re Howard, III,* 303 S.C. 278, 400 S.E.2d 138 (1991); *In re Alexander,* 301 S.C. 212, 391 S.E.2d 254 (1990); *In re Nida,* 297 S.C. 541, 377 S.E.2d 580 (1989).

Definite suspensions have been imposed in the following cases: *In re Shibley,* 320 S.C. 362, 465 S.E.2d 356 (1995) (60 day suspension); *In re Tootle,* 319 S.C. 392, 461 S.E.2d 824 (1995) (4 month suspension); *In re Acker,* 308 S.C. 338, 417 S.E.2d 862 (1992) (6 month suspension); *In re Nida,* 315 S.C. 132, 432 S.E.2d 462 (1993) (9 month suspension); *In re Ballard,* 312 S.C. 227, 439 S.E.2d 846 (1994) (1 year suspension); *In re Palmer,* 298 S.C. 324, 380 S.E.2d 813 (1989) (1 year suspension); *In re Chastain,* 316 S.C. 438, 450 S.E.2d 578 (1994) (2 year suspension).

In the present case, the gravity of Attorney's misconduct warrants a sanction of suspension. In mitigation, we consider that Attorney has admitted nearly all the allegations against him. Moreover, he has presented a significant amount of other evidence in mitigation. Attorney developed a severe depression during the period of time the above instances of misconduct occurred. His psychiatrist, Dr. John Roberts, testified that Attorney suffered from a single major depressive episode. Attorney experienced a confluence of unfortunate circumstances: He ran into financial difficulty as a result of poor business; he had to become the sole caretaker for his mother who had developed Alzheimer's disease; he had spent

---

1. Attorney was suspended by the South Carolina Bar on March 12, 1997 for failure to pay Bar dues. On August 5, 1997, the Court issued an order suspending him for failure to pay Bar dues.

400 hours on a case, but five days prior to trial, his client decided to back out, leaving Attorney without pay. During this period, he became depressed, having crying spells, social withdrawal, fatigue, weight-loss, and suicidal tendencies. He and his wife separated.

Attorney's psychiatrist prescribed an anti-depressant for him. Dr. Roberts did not believe that Attorney was likely to repeat his neglectful pattern of behavior with clients. The psychiatrist's testimony was confirmed in many respects by Attorney's wife and children, who testified to his weight-loss, depression, and isolation. Thus, it does not appear that Attorney's neglect of legal matters stemmed from innate corruption, but resulted largely from his psychological condition.

Considering Attorney's misconduct, we conclude that an appropriate sanction is a 30 day suspension to commence from the date of this opinion. Moreover, because of his condition, Attorney is to be placed on disability inactive status. In addition to fulfilling the requirements for reinstatement as set forth in Paragraph 19, Rule 413, SCACR, prior to his reinstatement, Attorney must also make restitution to his clients (in the amounts of $1000.00 to Davis and $500.00 to Jenkins). While Attorney is on disability inactive status, the requirements of Bar dues and continuing legal education will be suspended.

**DEFINITE SUSPENSION.**