509 S.E.2d 263

**In the Matter of Ginger P. MATSON, Respondent.**

**No. 24862.**

Supreme Court of South Carolina.

Heard Oct. 20, 1998.
Decided Nov. 30, 1998.

---

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for the Office of Disciplinary Counsel.

Ginger P. Matson, of Covington, Texas, respondent pro se.

PER CURIAM:

In this disciplinary matter, respondent is charged with engaging in misconduct in violation of various provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (RLDE), and the Rules of Professional Conduct, Rule 407, SCACR.

## FACTS

The formal charges include allegations respondent was late for clients' hearings and settlement conferences and was unprepared for these hearings; failed to properly serve opposing parties thus delaying the hearings; failed to finalize documents for clients and failed to send proposed orders to the family court judge for his approval and signature; failed to return clients' telephone calls inquiring about the status of their cases and failed to keep appointments with her clients; lied to a client about. filing a pleading; rendered erroneous advice to a client about a legal matter causing the client harm; and failed to comply with a discovery order resulting in prejudice to her client. When respondent was unable to attend a hearing, respondent's paralegal sent a legal secretary to represent the client and to request a continuance from the judge. Further, respondent closed her practice in South Carolina and moved to Texas without notifying her clients. Respondent failed to return files to her clients and failed to either refund clients their retainer fees or provide them an accounting of the earned fees. Respondent repeatedly failed

to respond to letters from the Commission on Lawyer Conduct (Commission) inquiring into these matters.

Respondent did not file an answer to the formal charges.[1] Although respondent did not appear at the Commission's subpanel hearing of the Commission on Lawyer Conduct (Commission) on January 8, 1998, the subpanel allowed respondent to offer evidence in mitigation by testifying by telephone. The subpanel found respondent had committed misconduct and, by a vote of 3 to 1, recommended definitely suspending respondent for 18 months, retroactive to the date of respondent's interim suspension,[2] with conditions that prior to readmittance: (1) respondent must pay all the fees owed to her clients pursuant to any order issued by a Fee Dispute Resolution Committee; (2) respondent must return all client files to her clients or their new attorneys; and (3) respondent must cooperate with any attorney appointed by the Supreme Court to protect her clients' interests.

Respondent did not file exceptions to the subpanel's report. The full panel adopted this report on June 11, 1998. Respondent failed to appear for oral argument before this Court.

Because respondent failed to respond to the formal charges or to appear for oral argument, pursuant to Rule 24, RLDE, respondent is deemed to have admitted the factual allegations contained in the formal charges.

## DISCUSSION

■ The admitted factual allegations of the formal charges fully support the conclusion that respondent committed misconduct by violating RLDE and Rule 407, SCACR. By her various instances of misconduct, respondent had violated Rule 7, RLDE, by violating the Rules of Professional Conduct; by engaging in conduct tending to pollute the administration of justice or bring the court or legal profession into disrepute or conduct demonstrating an unfitness to practice law; by violating the oath of office taken upon admission to practice law in

---

1. Respondent was suspended on May 15, 1997 for failure to comply with CLE requirements. On January 7, 1998, this Court placed respondent on interim suspension.

2. One member recommended a 12–month suspension of respondent.

this State; and by knowingly failing, on a number of occasions, to respond to lawful demands from the Commission and the Office of Disciplinary Counsel, including a request for a response under Rule 19, RLDE.

Further, she has violated Rule 1.1 (failure to provide competent representation); Rule 1.4(a) (failure to keep clients reasonably informed about the status of matters and comply with reasonable requests for information); Rule 1.2(a) (failure to consult with clients as to the means by which the client's decisions concerning objectives of representation were to be pursued); Rule 1.3 (failure to act with reasonable diligence and promptness in representing a client); Rule 1.15 (failure to deliver promptly to a client funds or documents which the client was entitled to receive and failure to provide an accounting); Rule 1.16(a) (failure to withdraw from representation of a client if representation would result in a violation of the Rules of Professional Conduct); Rule 1.16(d) (failure upon termination of representation to take steps to the extent reasonably practicable to protect the client's interest); Rule 5.3 (failure to properly supervise a non-lawyer assistant); Rule 5.5 (allowing a non-lawyer assistant to perform an activity that constituted the unauthorized practice of law); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice) of Rule 407, SCACR.

In mitigation, these incidents of misconduct occurred during the time that respondent was regularly traveling to Texas to care for her ailing parents. Respondent's father died in July 1995 and her mother's health began to fail. Respondent's mother was diagnosed with cancer in December 1996 and died in January 1997. Because of these burdens, respondent became distracted and failed to properly oversee her law practice. After her mother's death, respondent closed her practice in South Carolina and moved to Texas.

██ This Court has the sole authority to discipline attorneys and to decide the appropriate sanction. *Matter of Wofford,* 330 S.C. 522, 500 S.E.2d 486 (1998). In choosing the appropriate sanction, the Court may consider circumstances in mitigation. *Matter of Marshall,* 331 S.C. 514, 498 S.E.2d 869 (1998); *Matter of Brown,* 286 S.C. 454, 334 S.E.2d 281 (1985).

This Court has imposed a wide range of sanctions in cases involving such misconduct as neglect of legal matters, failure to return client's property, failure to communicate with clients, failure to protect clients' interests when terminating representation, and failure to cooperate with the Commission. Public reprimands have been imposed in the following: *Matter of Mayer,* 325 S.C. 1, 478 S.E.2d 286 (1996); *Matter of Davis,* 321 S.C. 281, 468 S.E.2d 301 (1996); *Matter of Larkin,* 320 S.C. 512, 466 S.E.2d 355 (1996); *Matter of Lynch,* 318 S.C. 366, 458 S.E.2d 39 (1995); *Matter of Ledford,* 317 S.C. 177, 452 S.E.2d 605 (1994); *Matter of Warder,* 316 S.C. 249, 449 S.E.2d 489 (1994); *Matter of Woodruff,* 313 S.C. 378, 438 S.E.2d 227 (1993); *Matter of Howard,* 303 S.C. 278, 400 S.E.2d 138 (1991); *Matter of Alexander,* 301 S.C. 212, 391 S.E.2d 254 (1990); and *Matter of Nida,* 297 S.C. 541, 377 S.E.2d 580 (1989).

Definite suspensions have been imposed in the following cases: *Matter of Holler,* 329 S.C. 395, 496 S.E.2d 627 (1998) (30 day suspension and placed on disability inactive status where attorney admitted nearly all the allegations against him and offered significant evidence in mitigation); *Matter of Moore,* 329 S.C. 294, 494 S.E.2d 804 (1997) (two year suspension); *Matter of Shibley,* 320 S.C. 362, 465 S.E.2d 356 (1995) (60 day suspension); *Matter of Tootle,* 319 S.C. 392, 461 S.E.2d 824 (1995) (4 month suspension); *Matter of Chastain,* 316 S.C. 438, 450 S.E.2d 578 (1994) (2 year suspension); *Matter of Ballard,* 312 S.C. 227, 439 S.E.2d 846 (1994) (1 year suspension); *Matter of Nida,* 315 S.C. 132, 432 S.E.2d 462 (1993) (9 month suspension); *Matter of Acker,* 308 S.C. 338, 417 S.E.2d 862 (1992) (6 month suspension); *Matter of Palmer,* 298 S.C. 324, 380 S.E.2d 813 (1989) (1 year suspension).

In this case, we find the appropriate sanction for respondent's misconduct is a definite suspension from the practice of law for eighteen months. In addition, prior to reinstatement respondent shall refund any unearned fees as determined by a Fee Dispute Resolution Committee.[3] Respondent shall file, within fifteen (15) days of this opinion, an affidavit with the

---

**3.** Because she failed to appear for oral argument before this Court, respondent is deemed to have agreed to the sanction imposed. Rule 24(b), RLDE.

clerk of this Court stating she has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.