512 S.E.2d 115

In the Matter of Ginger P. MATSON, Respondent.

No. 24898.

Supreme Court of South Carolina.

Submitted Jan. 6, 1999.

Decided Feb. 8, 1999.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Ginger P. Matson, of Covington, Texas, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to an appropriate

sanction. We accept the agreement and impose an eighteen-month definite suspension, retroactive to November 30, 1998. We find that the instant matter was part of a pattern of misconduct discussed in *In the Matter of Ginger P. Matson,* 333 S.C. 242, 509 S.E.2d 263 (1998). Therefore, the sanction imposed in this matter is concurrent with the sanction imposed in Op. No. 24862.

## *Deborah L. Miller Matter*

■ Respondent represented Deborah L. Miller (Miller) regarding a family court matter. Respondent accepted a fee of $250.00 from Miller. Respondent admits that she failed to return all of Miller's telephone calls and failed to respond to Miller's inquiries about the status of her case. Furthermore, respondent admits that she left South Carolina and relocated to Texas without notifying Miller. In addition, respondent acknowledges that she failed to respond to the Commission on Lawyer Conduct (Commission) which had requested information on this matter.

In mitigation, respondent submits that while she was handling this matter, she was suffering from depression which was exacerbated by her mother's illness and eventual death.

By her actions in this matter, respondent has violated Rule 7, RLDE, by violating the Rules of Professional Conduct; by engaging in conduct tending to pollute the administration of justice or bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law; by violating the oath of office taken upon admission to practice law in South Carolina; and by knowingly failing to respond to a lawful demand from the Commission and the Office of Disciplinary Counsel, including a request for a response under Rule 19, RLDE.

Moreover, respondent's misconduct constitutes a violation of the Rules of Professional Conduct, Rule 407, SCACR. Respondent failed to provide competent representation. Rule 1.1. She failed to act with reasonable diligence and promptness representing her client. Rule 1.3. She failed to keep her client reasonably informed about the status of her case and comply with reasonable requests for information. Rule 1.4. She failed to withdraw from representation of a client if

representation would result in a violation of the Rules of Professional Conduct. Rule 1.16. She engaged in conduct prejudicial to the administration of justice. Rule 8.4. She failed to respond to a demand for information by the Commission. Rule 8.1.

Accordingly, we impose an eighteen-month definite suspension, retroactive to November 30, 1998. Additionally, prior to reinstatement, respondent must refund any unearned fees as determined by a Fee Dispute Resolution Committee.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 RLDE, Rule 413, SCACR.

DEFINITE SUSPENSION.