522 S.E.2d 812

**In the Matter of Susan E. SHIBLEY, Respondent.**

**No. 25011.**

Supreme Court of South Carolina.

Submitted Sept. 13, 1999.

Decided Nov. 8, 1999.

---

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Susan E. Shibley, of Cherokee County, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits she has committed misconduct and consents to a definite suspension for two years. We accept the agreement.

### Mattie and Lowell Manning Matter

Respondent represented the Mannings in a mortgage foreclosure action. Respondent failed to provide the Mannings with material in their file as requested by them.

### Anthony B. Huskey Matter

Respondent represented Mr. Huskey in a proceeding against him for contempt related to a visitation action and in a

change of custody action. Mr. Huskey paid respondent the agreed five hundred dollar fee for the contempt matter. At the conclusion of the contempt matter, Mr. Huskey was awarded attorney's fees. Respondent claimed that she was owed additional fees, and therefore, she kept the fees in contravention of their agreement.

Mr. Huskey also paid respondent $3,776.25 in attorney's fees for the custody action. This amount was in excess of the agreed fee of $1,200.00 and was excessive in relation to the amount of work performed in the case.

Respondent denies that she owes Mr. Huskey any fees or other money in connection with this matter because she alleges that she did work for him.

### Pete Zimmerman Matter

Mr. Zimmerman retained respondent in September of 1996 in a child custody matter. He paid her a $1,000.00 retainer. Respondent misrepresented that she had ordered a transcript for his case. Respondent did little or no work on the matter and only refunded him $160.65. Further, respondent failed to respond to communications made by Mr. Zimmerman.

### Thomas and Elsie Reep Matter

Respondent was retained by the Reeps in July of 1997 to correct a deed to their property, located in Blacksburg, South Carolina. Although respondent performed some work for the Reeps, she failed to respond to their inquiries, which they made over a period of several months.

The Reeps also paid respondent to do work on other property. Respondent failed to complete the work and failed to return deeds and a plat of the property. Therefore, although respondent was paid, respondent did not earn the fees.

### James Peterson Matter

Mr. Peterson retained respondent in October of 1996 to perform a title search on property which his aunts had inherited from his granddaughter. Respondent was to prepare deeds to Mr. Peterson from his aunts. Respondent's title search on one of the parcels was incomplete. She failed to

check the aunts' interests, and thereby missed federal taxes owed by one of them.

## Willard D. Hall Matter

Mr. Hall retained respondent on two matters. In the first matter, respondent failed to supply Mr. Hall with a copy of the court's order, and she failed to communicate with him about the status of his case.

In the second matter, Mr. Hall retained respondent to appeal a $500.00 judgment against him in magistrate's court. Respondent failed to inform him about the status of the matter and failed to appear at the time the appeal was heard. Respondent did not perform work sufficient to earn her fees.

## Failure to Cooperate

Respondent failed to respond to letters requesting a response on the above entitled complaints and failed to respond to the related Notices of Full Investigation with one exception. She responded in a November 17, 1997 letter to the Manning Matter. In that letter, respondent stated that she had closed her practice due to family needs. Respondent did not respond to any other matters including a subsequent Notice of Full Investigation in the Manning Matter.

Respondent was sent a letter dated May 21, 1998. The letter requested responses to the pending complaints, information as to the location of the files, and copies of bank records. Respondent did not respond to the letter. Respondent also failed to respond to a subpoena mailed to her on June 2, 1998, by the Attorney General's Office.

This Court, by order dated August 26, 1998, placed respondent on interim suspension. This Court also found respondent in contempt for failing to cooperate with the investigation. The Court directed respondent to cooperate with the Office of Disciplinary Counsel and "immediately turn over to that Office any and all files and other materials that Disciplinary Counsel seeks." Respondent failed to respond to a letter from Disciplinary Counsel, dated August 27, 1998, which requested that she send Disciplinary Counsel the files for the Manning and Reep matters. In August of 1998, the Office of Disciplinary Counsel asked an attorney to assist to contact respondent.

Respondent failed to provide files and bank records that were requested by the attorney to assist. Respondent failed to respond to a letter dated October 15, from Disciplinary Counsel, that requested that she produce the Manning and Reep files no later than October 22.

### Pattern and Practice of Misconduct

The above allegations demonstrate that respondent has engaged in a pattern and practice of misconduct that is detrimental to her clients and the public.

In 1995, respondent received a sixty day suspension from the practice of law for similar conduct, repeated neglect of client matters and failure to cooperate with the former Board of Commissioners on Grievances and Discipline. *Matter of Shibley*, 320 S.C. 362, 465 S.E.2d 356 (1995). Respondent also received a letter of caution on June 28, 1997, which concluded four matters pending against her.

### Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. She failed to represent a client competently. Rule 1.1. She failed to act with reasonable diligence and promptness in representing a client. Rule 1.3. She failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Rule 1.4(a). She terminated representation without taking steps to protect client interests. Rule 1.16. She made a false statement of material fact or law to a third person. Rule 4.1(a). She violated the Rules of Professional Conduct. Rule 8.4(a). She engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. Rule 8.4(d). She engaged in conduct that is prejudicial to the administration of justice. Rule 8.4(e).

In addition, respondent has violated provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. She willfully violated a valid court order issued by a court of this state or of another jurisdiction. Rule 7(a)(7), RLDE. She willfully violated a valid order of the Supreme Court in a proceeding under these Rules, willfully failed to appear personally as directed, willfully failed to comply with a subpoena issued under these Rules, and knowingly failed to respond to a

lawful demand from a disciplinary authority to include a response or appearance under Rule 19(b)(1), (c)(3), or (c)(4). Rule 7(a)(3), RLDE. She violated the oath of office taken upon admission to practice law in this State. Rule 7(a)(6), RLDE; Rule 402(g), SCACR. She engaged in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute and engaged in conduct demonstrating unfitness to practice law. Rule 7(a)(5), RLDE.

Further, respondent failed to cooperate with investigations of the Commission. *Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

Accordingly, we impose a two year definite suspension. Additionally, respondent must meet the following conditions prior to applying for readmission: (1) she must repay all attorney's fees to all clients named in the formal charges except for Anthony B. Huskey in case number 97–DE–L–876; (2) she must repay any judgment or fee dispute award against her as to attorney's fees or other money owed to a client; (3) she must have medical and psychological evidence of her fitness to practice law; and (4) she must have completed at least six (6) hours of continuing legal education credit in law office management or some similar program in addition to any other continuing legal education credits that she must complete to regain her license to practice law.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE.

DEFINITE SUSPENSION.