The PEOPLE of the State of Colorado, Complainant,

v.

Randall M. CHASTAIN, Respondent.

No. 04PDJ030.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

March 14, 2005.

**REPORT, DECISION, AND IMPO-SITION OF SANCTION PURSU-ANT TO C.R.C.P. 251.15(b)**

On January 12, 2005, the Presiding Disciplinary Judge ("PDJ" or "the Court") conducted a Sanctions Hearing pursuant to C.R.C.P. 251.15(b). James S. Sudler appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Randall M. Chastain ("Respondent") did not appear, nor did counsel on his behalf. The PDJ issues the following Report:

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

### I. *ISSUE*

Respondent was a licensed lawyer in both Colorado and South Carolina. On September 29, 2003, the South Carolina Supreme Court disbarred Respondent for engaging in a "pattern of misconduct" and for working in a capacity "connected with the law" while his license was under suspension. On that basis,

the People filed the present Complaint, which Respondent did not answer. Under the rules for imposing reciprocal discipline, the Court must impose the same discipline as the foreign jurisdiction unless inappropriate (lack of due process, infirm proof, grave injustice, different form warranted). Respondent failed to challenge the validity of the South Carolina disbarment order. Should the PDJ therefore disbar Respondent under C.R.C.P. 251.21?

## II. PROCEDURAL HISTORY AND BACKGROUND

On April 8, 2004, the People filed the present Complaint against Respondent, requesting the Court to disbar Respondent from the practice of law in Colorado based upon a final order of the South Carolina Supreme Court disbarring Respondent from the practice of law in that state. The People sent the Complaint, with the South Carolina opinion attached, to Respondent via regular and certified mail. Respondent did not file an answer.

■ On September 21, 2004, the People filed a Motion for Default. On October 18, 2004, the PDJ granted this motion pursuant to C.R.C.P. 251.15(b) and C.R.C.P. 121 § 1-14. Upon entry of default, all facts in the Complaint are deemed admitted, and all rule violations in the Complaint are deemed established. See People v. Richards, 748 P.2d 341 (Colo.1987); see also Complaint (attached as Exhibit A).

The PDJ then set this matter for a Sanctions Hearing on January 12, 2005. Respondent failed to appear at the Sanctions Hearing. The People, however, presented their case and argued that Respondent should be disbarred from practicing law in Colorado.

## III. FACTS AND RULE VIOLATIONS

For sanction purposes, the PDJ considered the following evidence: the facts and violations established by the entry of default, the People's argument for reciprocal discipline

under 251.21, the State of South Carolina Supreme Court Opinion No. 25279 ("the S.C. Opinion"),[1] and a certification by the Colorado Supreme Court of Respondent's current status (suspended) and Respondent's last known address listed with the Office of Attorney Registration.[2]

Respondent has taken and subscribed the oath of admission in Colorado, was admitted to the bar of this Court on June 19, 1971, and is registered upon the official records of this Court, registration no. 06058. He is therefore subject to the jurisdiction of this Court in these disciplinary proceedings. C.R.C.P. 251.1(b).

The Complaint[3] and the attached S.C. Opinion contain all factual details. In summary, the South Carolina Supreme Court ("S.C. Court") disbarred Respondent from the practice of law in South Carolina on September 29, 2003. In doing so, the S.C. Court found that Respondent had "demonstrated a pattern of misconduct" warranting disbarment.

In 1994, the S.C. Court had imposed a two-year suspension for neglecting several legal matters, failing to respond to clients, failing to return unearned retainer fees, and failing to respond to disciplinary inquiries. In re Chastain, 316 S.C. 438, 450 S.E.2d 578 (1994). Respondent has not been reinstated since that time, but remains subject to the disciplinary rules of the S.C. Court. After the first incident in 1994, Respondent went before the S.C. Court for rule violations in 1995, 1997, and 2000. These violations involved criminal contempt for performing legal work while suspended and criminal convictions.

In the matter giving rise to the S.C. Opinion disbarring Respondent, the South Carolina Office of Disciplinary Counsel brought formal charges against Respondent for working in the Richland County Attorney's Office in violation of Rule 34 of the Rules for Lawyer Disciplinary Enforcement ("a suspended lawyer shall not be employed as a paralegal, investigator or in any other capacity connect-

---

1. Attached to the Complaint as Complainant's Exhibit _____

2. Complainant's Exhibit 1.

3. Exhibit A.

ed with the law"). Respondent failed to answer to the charges, and default entered against him. A Hearing Officer then held a hearing on sanctions, of which Respondent had valid notice. Respondent failed to attend and present evidence in mitigation. The Hearing Officer and the Panel recommended disbarment. Thereafter, the S.C. Court accepted this recommendation, noting that "[i]n addition to his other misconduct over the years, he has on more than one occasion worked, while under suspension, in a capacity connected with the practice of law."

## IV. SANCTIONS

 The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and the Colorado Rules of Civil Procedure are the guiding authorities for imposing reciprocal discipline for lawyer misconduct. Reciprocal discipline is the imposition of a sanction for conduct that already gave rise to discipline in another jurisdiction. ABA *Standard* 2.9. The commentary to ABA *Standard* 2.9 states:

Public confidence in the profession is enhanced when lawyers who are admitted in more than one jurisdiction are prevented from avoiding the effect of discipline in one jurisdiction by practicing in another. [Model Rules for Lawyer Disciplinary Enforcement] 22 provides that a certified copy of the findings of fact in the disciplinary proceeding in the other jurisdiction should constitute conclusive evidence that the respondent committed the misconduct. Reciprocal discipline can be imposed without a hearing, but the court should provide the lawyer with an opportunity to raise a due process challenge or to show that a sanction different from the sanction imposed in the other jurisdiction is warranted.

Further, C.R.C.P 251.21(a) provides:

Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.

Therefore, all the facts and conclusions reached by the S.C. Court are adopted and incorporated into this Report.

Under C.R.C.P. 251.21(d), respondent attorneys have the opportunity to challenge the validity of the discipline imposed elsewhere on any of the following bases: 1) the procedure in the other jurisdiction did not comport with due process requirements; 2) the proof upon which the other jurisdiction relied is so infirm that the Court cannot accept the determination as final and remain consistent with its duty; 3) the imposition of the same discipline would result in "grave injustice"; or 4) the misconduct proved warrants a "substantially different" form of discipline.

Respondent failed to make any appearance in this action. Respondent did not contest the validity of the S.C. Opinion. Respondent did not make any claim that the S.C. Court denied him due process or relied upon infirm evidence. Respondent did not show the Court that disbarment in Colorado would result in "grave injustice." Respondent did not present any evidence or argument that the misconduct, established by the S.C. Opinion, warrants a different form of discipline. Additionally, the People seek the identical sanction as was imposed in South Carolina. Consequently, the Court finds no reason to deviate from the presumptive reciprocal sanction. Under these circumstances, the PDJ is required to issue an order imposing the same discipline as imposed by the South Carolina Supreme Court. C.R.C.P. 251.21(d).

## V. CONCLUSION

The discipline ordered in South Carolina is reciprocally appropriate in this case. The South Carolina Supreme Court provided Respondent with due process by affording him the opportunity to respond to the disciplinary charges against him. Ultimately, the S.C. Court found that Respondent violated multiple professional rules in South Carolina by failing to obey the terms of his suspension. As a result, the S.C. Court disbarred Respondent from the practice of law in that state. Respondent was also afforded ample opportunity to respond to the Complaint,

based upon his conduct in South Carolina, filed with this Court. Respondent declined to do so, and thus there is no basis upon which to conclude that disbarment is not warranted. Accordingly, the PDJ finds that the imposition of the identical sanction on a reciprocal basis is appropriate.

Therefore, PDJ concludes that Respondent should be disbarred from the practice of law in the State of Colorado.

## VI. *ORDER*

It is therefore ORDERED:

1. RANDALL MEADS CHASTAIN, attorney registration 06058, is DISBARRED from the practice of law, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the roll of attorneys licensed to practice law in the State of Colorado.

2. RANDALL MEADS CHASTAIN is ORDERED to pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days in which to file a response.

## *EXHIBIT A*

JAMES S. SUDLER, # 08019, Assistant Regulation Counsel, JOHN S. GLEASON, # 15011, 600 17th Street, Suite 200–South, Denver, Colorado 80202, Attorney Reg. No. 08019

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14 and 251.21, and it is alleged as follows:

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on June 19, 1971, and is registered upon the official records of this court, registration number 06058. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 429 Henderson Street, Columbia, South Carolina 29205.

2. The respondent was a member of the bar of the State of South Carolina, although on suspension, until September 29, 2003.

3. The respondent was disbarred by order of the State of South Carolina Supreme Court on September 29, 2003. A certified copy of the South Carolina Supreme Court order is attached to this complaint as *Exhibit A* and is incorporated herein.

4. Pursuant to C.R.C.P. 251.21 a hearing board should impose the same discipline on the respondent as was imposed by South Carolina.

WHEREFORE, it is prayed that the respondent be disbarred pursuant to C.R.C.P. 251.21, and and assessed the costs of these proceedings.

Date this 8th day of April, 2004.