24391

In the Matter of Lillie R. DAVIS, Respondent.

(468 S.E. (2d) 301)

Supreme Court

*Attorney General Charles Molony Condon* and *Senior Assistant Attorney General James G. Bogle, Jr.,* of Columbia, *for complainant.*

*Heyward E. McDonald,* of *McDonald, McKenzie, Rubin, Miller, and Lybrand,* of Columbia, *for respondent.*

Submitted Feb. 27, 1996.

Decided Mar. 18, 1996.

---

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits the allegations of the complaint filed against her and consents to a public reprimand. We accept respondent's conditional admission and publicly reprimand her.

### Juanita C. Davoll Matter

Ms. Davoll hired respondent in November 1992 to probate her father's estate. From 1993 until 1995, Ms. Davoll made numerous attempts to contact respondent. In addition, Ms. Davoll wrote the probate judge expressing concern over respondent's lack of diligence and requesting an inquiry into respondent's ethics and professional abilities. After Ms. Davoll filed a complaint with the Board of Commissioners on Grievances and Discipline, a Board member contacted the probate court and learned that, as of September 1995, the estate had not been opened and no personal representative had been appointed. Respondent did not respond to the Board's inquiries about this matter.

### James Taylor Matter

In March 1995, respondent was appointed to represent Mr. Taylor in a criminal matter. She failed to appear at Mr. Taylor's scheduled bond hearing. No subsequent bond hearing was set. In May, while in jail awaiting trial, Mr. Taylor sent a letter of complaint to the Board. Respondent did not respond to the Board's inquiries about this matter. By August 1995, respondent had negotiated a plea bargain with the Solicitor's Office in which Mr. Taylor was sentenced to two years' probation and discharged from jail.

By her conduct, respondent has violated Rule 1.4 of the Rules of Professional Conduct contained in Rule 407, SCACR, by failing to keep a client informed about the status of a matter and Rule 1.3 by neglecting legal matters entrusted to her. Finally, respondent has violated Rule 8.1 by failing to respond to inquiries made by the Board of Commissioners on Grievances and Discipline.

Accordingly, we find respondent's conduct warrants a public reprimand, and we accept her conditional admission and publicly reprimand her.

Public reprimand.