521 S.E.2d 275

**In the Matter of Lillie R. DAVIS, Respondent.**

**No. 25000.**

Supreme Court of South Carolina.

Submitted July 20, 1999.

Decided Sept. 13, 1999.

Lillie R. Davis, of Columbia, pro se.

Attorney General Charles M. Condon, Senior Assistant Attorney General James G. Bogle, Jr., and Henry B. Richardson, Jr., all of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21 of 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand.[1] We accept the agreement for a public reprimand.

### *Estate Matter*

Respondent was retained to represent the estate of Cleo Conkle, who died without a will. Cleo Conkle's husband, Willie L. Conkle, survived her and was appointed personal representative of Cleo Conkle's estate. Thereafter, Willie Conkle died with a will, and was replaced as personal representative on the Cleo Conkle estate by Elizabeth Lovett (Elizabeth).

The appointment of Elizabeth as personal representative for the estate of Cleo Conkle was incorrect because Elizabeth was falsely thought to be the only heir. However, there was, in

---

1. Respondent was previously publicly reprimanded in *Matter of Davis,* 321 S.C. 281, 468 S.E.2d 301 (1996).

fact, a granddaughter and respondent neglected this matter by failing to provide the court information as to the granddaughter, or by failing to seek from members of the family the identity of all possible heirs, including the granddaughter.

A series of delinquency notices regarding the Cleo Conkle estate and the Willie Conkle estate were sent by the Probate Court to respondent. Delinquency notices were also sent to Elizabeth as personal representative of the Cleo Conkle estate. A pre-summons was sent to both Elizabeth as personal representative and respondent on August 13, 1997.

Despite the issuance of the delinquency notices and the pre-summons, respondent did not contact the Probate Court. A pre-summons was sent to Elizabeth as personal representative and respondent on October 22, 1997, regarding the estate of Willie Conkle.

Respondent did not reply to the Probate Court. As a result of the summonses, a Rule to Show Cause hearing was held before the Probate Court on February 8, 1998. Respondent did not attend this hearing.

After the hearing, the Probate Court staff assisted Elizabeth as Personal Representative and the families of Cleo Conkle and Willie Conkle in closing out the Cleo Conkle estate and the Willie Conkle estate.

The Commission on Lawyer Conduct (Commission) wrote respondent an inquiry letter concerning this matter; however, respondent did not reply until she received a second letter of inquiry from the Commission. Additionally, while respondent replied to the second letter of inquiry, she did not respond to the Notice of Full Investigation.

### Julian A. Reynolds Matter

Respondent, in her representation of Leon Davis (Davis), asked Julian A. Reynolds (Reynolds), the operator of Reynolds Drug Store, to provide medications to Davis in the amount of $116.04, which Reynolds did.

Respondent wrote Reynolds on two occasions stating that she had been retained to represent Davis and that Reynolds' fees would be protected and paid.

Thereafter, the money was not paid, and Reynolds made at least two telephone attempts to collect the money without success in 1997 and 1998.

### Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. Respondent failed to provide competent representation. Rule 1.1. She failed to act with reasonable diligence and promptness. Rule 1.3. She failed to keep her client reasonably informed about the status of the case and respond to requests from the court. Rule 1.4. Respondent failed to make reasonable efforts to expedite litigation consistent with the interests of her client. Rule 3.2. She engaged in misconduct in violation of Rule 8.4.

In addition, respondent has violated provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, including Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violation of the oath of office taken upon admission to practice law in South Carolina).

Accordingly, respondent is hereby publicly reprimanded.

PUBLIC REPRIMAND.