559 S.E.2d 573

**In the Matter of Lillie R. DAVIS, Respondent.**

**No. 25405.**

Supreme Court of South Carolina.

Submitted Dec. 14, 2001.

Decided Jan. 28, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General, James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Susan B. Lipscomb, of Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21,

RLDE, Rule 413, SCACR.[1]   In the agreement, respondent conditionally admits misconduct and consents to a definite suspension ranging from six months to twenty months.   We accept the agreement and hereby suspend respondent.   The facts as set forth in the agreement are as follows.

## *Facts*

In the first matter, respondent chose to proceed with a theory of recovery in which there was insufficient evidence to establish all of the necessary elements.   Respondent falsely represented to client that the action had been filed on client's behalf.   However, the action was never filed.   Respondent did not communicate with client regarding the status of the case and failed to follow client's instructions regarding the case. Respondent failed to return client's file and refund unearned fees.   Respondent also falsely represented the amount of time spent on client's case to ODC and failed to respond to two inquiries from ODC. Additionally, respondent failed to cooperate with ODC's investigation.

In a second matter, respondent failed to deposit a retainer fee into her trust account and converted it to her own use. Shortly after retaining respondent, client terminated respondent's services and requested a refund of her fee.   Respondent only returned half of the fee even though respondent did not bill against the fee nor did respondent offer any accounting to client as to how the fee was earned.   Additionally, respondent failed to properly supervise her employee, causing an affidavit of attorney's fees to contain false information. Respondent also failed to reply to two inquiries from ODC and failed to cooperate with ODC's investigation.

In a third matter, respondent executed a retainer agreement which did not comply with Rule 1.5(c) of the Rules of Professional Conduct, Rule 407, SCACR.   Respondent failed to communicate with client regarding the status of the case, did not advise client of the expiration of the statute of limitations, falsely represented to client that the case was being litigated, and failed to take any action within the applicable

---

1.   Respondent has received two previous public reprimands.   *In the Matter of Davis*, 336 S.C. 574, 521 S.E.2d 275 (1999); *In the Matter of Davis*, 321 S.C. 281, 468 S.E.2d 301 (1996).

statute of limitations period. Respondent also obstructed ODC's investigation and failed to cooperate with the investigation.

In a fourth matter, respondent was retained by client to represent her in two separate actions. With regard to the first action, respondent deposited client's retainer fee into an account other than her trust account prior to earning the fee and failed to communicate with client. Frustrated with respondent's lack of communication regarding her case, client terminated respondent's services and requested a refund of unearned attorney's fees and her client file. Respondent refused and client subsequently filed a civil action against respondent which resulted in a $350 judgment against respondent. Respondent did not appeal or pay the judgment. In regard to the second action, respondent executed a retainer agreement that did not comply with Rule 1.5 of the Rules of Professional Conduct, Rule 407, SCACR. Moreover, respondent agreed to represent the client despite a conflict of interest in violation of Rule 1.7 of the Rules of Professional Conduct, Rule 407, SCACR. Respondent also failed to apply money recovered in the action to certain liens. Additionally, respondent failed to respond to two inquires from ODC and failed to cooperate in ODC's investigation.

In a fifth matter, respondent failed to withhold and pay taxes from her employee's paychecks. As a result, several federal tax liens were filed against her. Additionally, several warrants of distraint were filed against respondent by the South Carolina Department of Revenue.

### Law

Respondent admits that her conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representation); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation, and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (failing to act with reasonable diligence and promptness while representing a client); Rule 1.4 (failing to keep a client reasonably informed about the status of a matter, failing to promptly respond to reasonable requests for information, and failing to

explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.5 (fees); Rule 1.7 (a lawyer shall not represent a client if representation of that client creates a conflict of interest); Rule 1.15 (failure to keep client funds in a separate account); Rule 1.16 (failure to withdraw from representation when representation results in a conflict of interest or when the lawyer is discharged by the client); Rule 3.1 (bringing a frivolous lawsuit); Rule 3.3 (knowingly making a false statement of material fact to a tribunal and offering evidence that the lawyer knows is false); Rule 4.1 (making a false statement of material fact to a third person in the course of representing a client); Rule 4.4 (using means in the course of representing a client, that have no purpose other than to delay or burden a person); Rule 5.3 (failing to properly supervise non-lawyer employees); Rule 8.1(b) (failing to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a),(d), and (e) (violating the Rules of Professional Conduct, engaging in conduct involving dishonestly, fraud, deceit or misrepresentation).

Respondent also admits that she violated Rule 7(a)(1), RLDE, Rule 413, SCACR (violating the Rules of Professional Conduct), and Rule 417, SCACR (requirements of financial record keeping).

### Conclusion

We find that respondent's misconduct warrants a definite suspension. Accordingly, we accept the Agreement for Discipline by Consent and hereby suspend respondent from the practice of law for twenty months.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.