648 S.E.2d 607

**In the Matter of Milton Demetrios STRATOS, Respondent.**

No. 26362.

Supreme Court of South Carolina.

Submitted June 21, 2007.

Decided July 23, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Milton Demetrios Stratos, of Mount Pleasant, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of either an admonition or public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### FACTS

Respondent was appointed to represent a client in connection with the appeal of his August 2, 2005 criminal convictions.[1] On February 17, 2006, the South Carolina Court of Appeals wrote respondent and instructed him to contact the Office of Appellate Defense within ten (10) days to request a transcript

---

1. The client was convicted of murder and possession of a weapon during the commission of a violent crime.

in his client's case and to also provide a copy of the correspondence to the Court. The Court of Appeals notified respondent that an Initial Brief and Designation of Matter would be due to be served and filed within thirty (30) days of the date respondent received the transcript.

On February 28, 2006, respondent wrote his client and urged him to consider using the Office of Appellate Defense to handle his appeal as respondent lacked the necessary experience and/or aptitude in perfecting appeals. On March 3, 2006, the client responded by letter and informed respondent that the proper course of action would be for respondent to file a motion to withdraw from the case. In that letter, the client also informed respondent that he would not consider using the Office of Appellate Defense to handle his appeal.

On March 10, 2006, the Court of Appeals dismissed the client's appeal due to respondent's failure to secure the required transcript and his failure to provide the necessary information to the Court. On March 29, 2006, the Clerk of the Court of Appeals issued a remittitur to the Charleston County Clerk of Court after respondent failed to file a Petition for Reinstatement of the appeal.

On April 19, 2006, the Supreme Court of South Carolina dismissed the client's appeal and denied the client's motion to reinstate the appeal. However, the Court noted that the denial was without prejudice to the client to seek relief under *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

When respondent received initial notice of his appointment to represent the client, he erroneously assumed he was appointed to represent the client at trial in General Sessions Court. Respondent filed the customary discovery motions with the trial court (which respondent now acknowledges was of no relevance since his client had already been convicted). Respondent wrote one letter dated February 28, 2006 to the Office of Appellate Defense wherein he requested a return telephone call regarding the client's case. Respondent represents that he made several telephone calls to the Office of Appellate Defense but never received a response to his communications. Prior to May 11, 2006, respondent did not file any pleadings, make any appearances with the South Carolina

Court of Appeals, or take any meaningful action on behalf of his client's appeal.

On November 19, 2006, after receiving notice of his client's complaint from ODC, respondent met with his client for the first time. As a result of his neglect of his client's appeal and his failure to adequately and timely communicate with his client, respondent's client lost his right to have his appeal heard by the South Carolina Court of Appeals and/or the Supreme Court of South Carolina.

## LAW

Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office). Respondent admits that by his misconduct he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.1 (lawyer shall provide competent representation to a client), Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to the administration of justice).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.