669 S.E.2d 91

**In the Matter of Donald Neils SORENSON, Respondent.**

**No. 26562.**

Supreme Court of South Carolina.

Submitted Oct. 9, 2008.
Decided Nov. 10, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jonathan S. Gasser, of Harris & Gasser, of Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent

pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On April 4, 2008, respondent was served with four arrest warrants charging him with unlawful gaming and betting on four separate occasions, July 14, 2007, March 15, 2008, March 29, 2008, and March 31, 2008. During the time period covered by the arrest warrants, respondent was employed as the Deputy Solicitor for the First Judicial Circuit. Respondent resigned his position in the First Judicial Circuit shortly after the charges were filed.

On or about May 28, 2008, respondent was accepted into a Pre–Trial Intervention program with the Ninth Judicial Circuit. He successfully completed the Pre–Trial Intervention program.

Respondent has been thoroughly cooperative with ODC throughout the course of this investigation. Respondent recognizes and admits that gambling of any kind is illegal in South Carolina and that his conduct was improper. Respondent acknowledges that his pattern of repeated gambling violations, especially given his position as Deputy Solicitor, indicated an indifference to his legal obligations as a member of the Bar. Although he represents that he never maliciously or intentionally intended for his actions to subject himself, his office, or his profession to the negative publicity that his conduct caused, respondent acknowledges that he is responsible for the consequences which have ensued since April 4, 2008.

## LAW

Respondent admits that, by his misconduct, he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects). In particular, respondent admits that his

criminal offenses indicate an indifference to his legal obligations. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.