# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Everett Joseph Mercer, Respondent.

Appellate Case No. 2024-000785

---

Opinion No. 28232
Submitted August 1, 2024 – Filed August 21, 2024

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Kristina Jones Catoe,
both of Columbia, for the Office of Disciplinary Counsel.

Haley Alyse Hubbard, of Ballard & Watson, Attorneys at
Law, of West Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition or a public reprimand.  We accept
the Agreement and issue a public reprimand.  The facts, as set forth in the
Agreement, are as follows.

## I.

Respondent represented the estate of Complainant's grandson in federal district
court.  Both Respondent and Complainant believed Complainant had been
appointed as the personal representative for her grandson's estate, as counsel for

the estate had filed the petition for appointment with the probate court.  Mediation was conducted on May 6, 2021, during which the parties reached a settlement agreement.  On May 9, 2021, the mediator forwarded Respondent an email allegedly received from Complainant, rescinding her acceptance of the settlement agreement and terminating Respondent's services.  Respondent did not contact Complainant or file a motion to withdraw as counsel after receiving the email.  Counsel for the defendant contacted Respondent on May 13, 2021, based upon correspondence from the mediator, and Respondent advised defense counsel that he would be in contact about the settlement agreement, as he was also in contact with counsel for the estate in the probate matter.   After corresponding with counsel for the estate, Respondent learned that the probate court has never issued a certificate of appointment designating a personal representative.  Respondent failed to follow-up with defense counsel.  On June 14, 2021, counsel for the defendant filed a motion to enforce the settlement.  Respondent did not respond to the motion or communicate with the federal court.

Complainant contacted Respondent in July 2021 to inquire about the Agreement.  Complainant denied sending the email terminating Respondent's representation and requested Respondent pursue the settlement agreement.  Respondent represents that he notified Complainant that he could not pursue the case because the probate court had not issued a certificate of appointment designating Complainant as personal representative of the estate.

During a hearing on January 19, 2022, Respondent was ordered to communicate with counsel for the defendant within forty-five days regarding the appointment of a personal representative and updating the proper party to the case.  Respondent failed to comply with that order and further failed to comply with an order that required him to provide a status update to the federal court by April 2022.  On February 22, 2022, a personal representative was appointed for Complainant's grandson's estate.  On May 10, 2022 the federal court conducted an in-person conference.  Respondent failed to attend the conference and failed to provide any reason for the absence.  On May 20, 2022, counsel for the defendant filed a motion to dismiss the case.  On June 17, 2022, the federal court dismissed the case with prejudice.

Respondent represents that he had personnel changes in his office after January 19, 2022, and he did not check the email that he established with the federal court for receipt of court notices.  Respondent further represents that he did not

communicate with the court or defense counsel because he was attempting to resolve the issue of appointment of the personal representative with counsel for the estate.

## II.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4(a) (requiring a lawyer to maintain prompt and reasonable communication); Rule 3.2 (requiring a lawyer to take reasonable steps to expedite litigation); and Rule 8.4(a) (prohibiting misconduct).

Respondent also admits his misconduct is grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline).

## III.

We find Respondent's misconduct warrants a public reprimand. *See In re Stratos*, 374 S.C. 212, 648 S.E.2d 607 (2007) (publicly reprimanding an attorney for failing to communicate with his client, neglecting the client's legal matter, and failing to follow directives from the court of appeals, all of which resulted in the dismissal of his client's appeal); *In re Davis*, 336 S.C. 574, 521 S.E.2d 275 (1999) (publicly reprimanding an attorney who failed to communicate, act diligently, respond to delinquency notices from the probate court, or attend a rule to show cause hearing). Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, HILL and VERDIN, JJ., concur. JAMES, J., not participating.**