# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Barry Scott Suggs, Respondent.

Appellate Case No. 2024-001646

Opinion No. 28283
Heard May 13, 2025 – Filed May 21, 2025

## PUBLIC REPRIMAND

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

W. James Hoffmeyer, of Florence, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition or a public reprimand.  We accept
the Agreement and issue a public reprimand.  The facts, as set forth in the
Agreement, are as follows.

## I.

This Agreement involves two disciplinary complaints.  The first complaint
involves Respondent's criminal arrest for discharging a firearm within city limits,
and the second complaint involves his failure to properly perfect an appeal.

**A.**

On October 22, 2021, officers from the City of Florence Police Department responded to a loud noise that echoed off buildings. After hearing a second loud noise, an officer in the area identified the noise as a gunshot. Officer 1 drove towards the location of the noise and found Respondent sitting on the front porch of his law office. Officer 1 asked Respondent whether he had any guns on his person, and Respondent stated he did not. Respondent smelled like alcohol and there was a spent shell casing on the ground near Respondent. A second officer arrived and observed additional spent casings on the porch of Respondent's law office. Accordingly, Respondent was handcuffed. While being escorted to the police car, Respondent attempted to kick Officer 1.[1]

When Officer 3 arrived on the scene, Respondent informed him there was a gun inside the law office and gave Officer 3 permission to retrieve it. The officers retrieved the gun and found it was loaded with three live rounds that matched the spent casings found on the front porch of Respondent's law office. Respondent was arrested and charged with discharging a firearm within city limits. When the officers attempted to get information from Respondent, he refused to give his name and date of birth.

Once secured in the patrol car, bodycam footage shows Respondent was nonresponsive when called on by the officers. The officers opened the back doors to the police car to ensure Respondent's well-being. Respondent was asked to sit up so he could breathe more easily, but Respondent refused.

Dashcam footage from Officer 2's nearby patrol car captured the incident on video. That video shows Respondent walked outside his law office, sat on his front porch, and discharged the weapon. The muzzle flash can be seen coming from where Respondent is seated on his porch.

Respondent self-reported his arrest to ODC on October 26, 2021, and has now completed a diversionary program, which will result in the dismissal of his criminal charge for discharging a weapon within the city limits. Respondent claims he carelessly handled his pistol and accidentally discharged the weapon. Respondent admits his conduct reflects poorly on the legal profession.

---

[1] Respondent was not charged with resisting arrest or assaulting a police officer.

**B.**

In the second complaint, Respondent failed to properly perfect an appeal. Respondent represented Client, who was found guilty of several criminal charges and sentenced to twenty years in prison on October 18, 2023. Client requested that Respondent file an appeal on his behalf, but Respondent did not file the appeal. On January 11, 2024, Client filed a pro se notice of appeal with the South Carolina Court of Appeals.

On January 16, 2024, the Court of Appeals notified Respondent that Client's notice of appeal had been received and assigned an appellate case number. The Court of Appeals also outlined the deficiencies within the notice of appeal and directed Respondent to correct those deficiencies within ten days or the matter would be dismissed. Respondent replied to the Court of Appeals via email stating that the appeal was not sent from his office and that all correspondence should be directed to Client. On January 24, 2024, the Court of Appeals notified Respondent that he is counsel of record for Client until relieved by the court. That letter also gave Respondent specific instructions on how to be relieved and informed Respondent that the deficiencies noted in the January 16, 2024 letter were required to be corrected within ten days or the appeal would be dismissed.

On March 21, 2024, Client sent a letter to the Court of Appeals inquiring whether a direct appeal in his case was pending. Client indicated in this letter that he instructed Respondent to file a direct appeal on his behalf in October 2023 and had not heard from Respondent. On April 9, 2024, the Court of Appeals issued an order dismissing Client's case because the notice of appeal was not timely served. On April 26, 2024, the Court of Appeals issued the remittitur in Client's case.

Respondent represents that he did not see any justiciable appellate issues to substantiate an appeal on Client's behalf and that he informed Client of that. Respondent admits receiving both the January 16, 2024 and January 24, 2024 letters from the Court of Appeals and acknowledges he took no further action on behalf of Client, despite receiving those letters. Respondent admits he failed to competently and diligently represent Client and failed to protect Client's interests by not perfecting the direct appeal.

**II.**

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (requiring competence);

Rule 1.3 (requiring diligence); Rule 1.4 (requiring prompt and reasonably complete communication); Rule 1.16(c) (requiring a lawyer to comply with applicable rules requiring notice to or permission of a court when terminating a representation); Rule 8.4(b) (prohibiting a criminal act that reflects adversely on the lawyer's fitness to practice law); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

Respondent also admits his misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(5) providing conduct demonstrating an unfitness to practice law is a ground for discipline).

At oral argument before this Court, Respondent acknowledged the seriousness of his misconduct and expressed remorse for his actions. Respondent explained that at the time of the shooting incident in October 2021, he was suffering from depression. Respondent testified that situation caused him to realize the extent to which his mental health had deteriorated and prompted him to address it.

### III.

We find Respondent's misconduct warrants a public reprimand. *In re Stratos*, 374 S.C. 212, 215, 648 S.E.2d 607, 608 (2007) (publicly reprimanding a lawyer for failing to adequately communicate with his client and failing to timely perfect an appeal on his client's behalf); *cf. In re Sorenson*, 380 S.C. 119, 121, 669 S.E.2d 91, 92 (2008) (publicly reprimanding a lawyer who was arrested on misdemeanor criminal charges that were subsequently dismissed). Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. As a condition of discipline, Respondent shall complete the Legal Ethics and Practice Program Ethics School within one year.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES and HILL, JJ., concur. VERDIN, J., not participating.**