# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John W. Howard, III, Respondent.

Appellate Case No. 2014-002460

Opinion No. 27481
Submitted November 20, 2014 - Filed January 21, 2015

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John W. Howard, III, of Greenville, pro se.

**PER CURIAM:**  In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition or public reprimand with conditions. We accept the Agreement and issue a public reprimand with conditions as set forth hereafter in this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Complainant A retained respondent to bring a contempt action against his ex-wife for violation of a family court order.  A family court judge signed the contempt order on February 20, 2009, and the order was filed on March 18, 2009.  Following the hearing, respondent prepared a bench warrant that was signed by the judge on

July 9, 2009.  In October 2009, after receiving documentation which respondent thought satisfied the conditions of the contempt order, respondent prepared a proposed order recalling the July 9, 2009, bench warrant which the judge signed on October 7, 2009.  Respondent failed to consult with Complainant A prior to preparing the proposed order recalling the bench warrant.  Complainant A disagreed with respondent's decision to voluntarily submit a proposed order recalling the bench warrant to the judge.

## Matter II

Respondent represented Complainant B's wife in a domestic matter.  Respondent drafted a separation and property settlement agreement which was signed by both Complainant B and his wife.  Under the agreement, respondent was to receive the net proceeds from the sale of the marital home in escrow to be divided equally between the parties after paying all mortgage and marital indebtedness.  Complainant B made several request to respondent for an accounting of the funds.  Respondent failed to comply with Complainant B's request for an accounting of the funds in escrow.  Respondent represents he did not release a copy of the accounting to Complainant B because his client instructed him not to do so.

## Matter III

On the morning of March 24, 2010, respondent conducted a cash closing.  Respondent disbursed the net proceeds of the closing to the seller prior to depositing the funds from the buyer.  The proceeds check was disbursed to the seller on the morning of March 24, 2010, and the deposit of the proceeds was made during the afternoon on the same day.

## Matter IV

Respondent was retained to represent Client C in a domestic action.  Respondent failed to keep Client C reasonably informed regarding the status of Complainant C's case.  Respondent represents he had difficulty reaching Complainant C from time to time.

## Matter V

Respondent was retained to represent Client D in an action for divorce.  Following negotiations with opposing counsel, respondent informed Complainant D that he would move to set the matter for trial.  Respondent represents that his paralegal

failed to request a final hearing and, as a result, Complainant D's case was stricken from the roster.

## Matter VI

In 2009, respondent performed a real estate closing for Complainant E. In late December 2010 or early January 2011, Complainant E contacted respondent after learning that the property was still in the name of the original owners. It was discovered that the deed transferring the property to Complainant E had never been filed. Respondent was unable to locate the deed in his office. Respondent represents that his paralegal was responsible for the recording of the closing documents, but respondent had discharged the paralegal by the time he learned of the missing deed. Respondent had to locate the original sellers and have a new deed executed. Complainant E's deed was finally recorded on February 15, 2012.

## Matter VII

Respondent conducted a cash closing on July 26, 2012. A check was disbursed to the realtor who was representing the seller on the same day of the closing. Respondent represents that the closing concluded at 4:50 p.m. and that the realtor was able to deposit the check prior to the close of the day. Respondent was not able to deposit the funds from the closing until the following day and this caused an overdraft in respondent's trust account.

## Matter VIII

On November 8, 2013, respondent conducted a real estate closing where his wife was the seller. Respondent disbursed the net proceeds check to his wife at closing. Respondent represents he instructed his wife not to deposit the funds until he had received the wire transfer into his account. Respondent's wife deposited the check late in the afternoon on November 8, 2013, prior to the receipt of the incoming wire transfer. This caused an overdraft in respondent's trust account.

## Matter IX

On November 23, 2013, respondent conducted a real estate closing. Due to a calculation error on the closing statement, the check given to the seller was $2,475.04 more than it should have been. When respondent was notified by the bank that there was an incoming item for which there were insufficient funds in trust, respondent transferred personal funds sufficient to cover the check. The bank

honored the incoming check. After notifying the seller of the error, the seller wrote a check for the overage and respondent deposited those funds into his real estate trust account.

## Matter X

Respondent conducted a real estate closing on February 14, 2014. In addition to the wire transfer that respondent received for the closing, the purchasers needed $36,434.36 to close. The purchasers brought certified funds in the amount of $38,400 to the closing. Because the purchasers brought excess funds, respondent deposited the funds into his regular trust account, wrote the purchasers a check for the overage, and completed the closing. Respondent failed to transfer the $36,434.36 from his regular trust account to his real estate trust account until February 20, 2014, after receiving a call from his bank. Respondent immediately made the transfer to correct the error.

ODC acknowledges respondent has been very cooperative in its investigation of these matters.

## **Law**

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decisions concerning the objectives of representation and shall consult with client as to means by which they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall promptly inform client of any decision or circumstance with respect to which the client's informed consent is required; shall reasonably consult with client about means by which client's objectives are to be accomplished; shall keep client reasonably informed about the status of matter; and shall promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall safekeep client property); Rule 1.15(d) (lawyer shall promptly deliver to third person any funds that third person is entitled to receive and, upon request by third person, shall promptly render full accounting regarding the funds); Rule 1.15(f) (lawyer shall not disburse funds from account containing the funds of more than one client or third person unless funds to be disbursed have been deposited in the account and are collected funds); and Rule 5.3 (lawyer having direct supervisory authority over non-lawyer shall make reasonable efforts to ensure that person's conduct is compatible with professional obligations of lawyer).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand.[1] Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. In addition, we order respondent to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this opinion.[2]

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[1] Respondent's disciplinary history includes a public reprimand, two admonitions, and three letters of caution warning him to be cautious about complying with most of the same Rules of Professional Conduct he admits he violated in the current Agreement. See In the Matter of Howard, 303 S.C. 278, 400 S.E.2d 138 (1991); Rule 7(b)(4), RLDE (Court can consider admonition in subsequent proceeding as evidence of prior misconduct solely upon issue of sanction to be imposed); Rule 2(r), RLDE ("[t]he fact that a letter of caution has been issued shall not be considered in a subsequent disciplinary proceeding against the lawyer unless the caution or warning contained in the letter of caution is relevant to the misconduct alleged in the proceedings.").

[2] The Court recognizes respondent completed the Legal Ethics and Practice Program Ethics School and Trust Account School on June 11, 2014.